942 So.2d 1145 (2006)
Thong DOAN
v.
TECHNICAL ENGINEERING CONSULTANTS, INC.
No. 06-CA-166.
Court of Appeal of Louisiana, Fifth Circuit.
September 26, 2006.
Charles M. Raymond, Attorney at Law, New Orleans, Louisiana, for Plaintiff/Appellant.
Daniel A. Ranson, Glenn D. Price, Jr., Attorney at Law, Gretna, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
WALTER J. ROTHSCHILD, Judge.
This is an appeal from a trial court ruling granting defendant's exception of prescription. For the reasons assigned herein, we affirm the judgment.
*1146 On July 14, 2005, plaintiff, Thong Doan, filed a Petition for Unpaid Wages, Penalties and Attorney's Fees against his former employer, Technical Engineering Consultants, Inc. ("TEC"). Plaintiff alleges in his petition that he was hired by TEC in August of 1999 at an annual salary of $75,000. In February of 2001, he was required by his employer to perform work overseas at a rate of $1000.00 per day. He alleged that he worked for ten days, and was therefore due $10,000; however, he was only paid $1,730.88. Plaintiff terminated his employment with TEC on March 6, 2003.
By this petition, plaintiff now seeks the remaining amount of $8,269.12 which he alleges is due and owing by TEC. Plaintiff also alleges he is entitled to penalty wages and attorney's fees in accordance with the provision of La. R.S. 23:631, et seq.
In response to this petition, TEC filed a peremptory exception of prescription on the basis that plaintiff's claim for unpaid compensation had prescribed. Defendant relies upon La. C.C. art. 3494, which provides that an action for the recovery of compensation for services rendered, including the payment of salaries and wages, is subject to the liberative prescription of three years. Further, defendant cites La. C.C. art. 3495, which provides that this prescription commences to run from the date the payment is exigible, and that it accrues as to past due payments even if there is a continuation of labor.
Following a hearing, the trial court maintained defendant's exception of prescription and dismissed plaintiff's petition with prejudice. This appeal followed.
There is no dispute in this case that plaintiff's claim against defendant is for unpaid compensation and is therefore governed by the prescriptive period of La. C.C. art. 3494. La. C.C. art. 3495 addresses the commencement and accrual of this three year prescriptive period. It provides that:
This prescription commences to run from the day payment is exigible. It accrues as to past due payments even if there is a continuation of labor, supplies or other services.
Black's Law Dictionary defines an "exigible" debt as a liquidated and demandable debt; a mature claim. Comment (b) to article 3495 states:
On principle, liberative prescription commences to run from the day a cause of action arises and its judicial enforcement is possible. See 2 M. Planiol, Traite elementaire de droit civil 3 Pt. 2, at 358 (Louisiana State Law Institute trans.1959):
Liberative prescription begins to run as soon as the action accrues, or, as Pothier said "the day on which the creditor could institute his demand." It cannot commence sooner, because the time given for prescription should be a time during which the action can be exercised, and one cannot reproach the creditor for not having acted at a time when he did not have the right to do so. Otherwise, it could happen that the right would be lost before it could be exercised, which would be as unjust as absurd (Cass. Civ., 11 Dec. 1918, D.1923.1.96, P. and S.1921.1.161).
The sole argument raised by plaintiff concerns the date on which his claim became exigible. He argues that his claim for unpaid wages became exigible at the time he left defendant's employment in March of 2003 and that the trial court erred in determining his cause of action arose prior to this date. As his petition was filed within three years from the date employment was terminated, plaintiff argues that his claim was asserted within the three year prescriptive period relied upon by defendant.
*1147 In support of this position, plaintiff relies upon several cases involving claims for payment of accrued vacation and compensatory time which the courts held became exigible when the employee left the employment. However, in those cases, the employees could have used the vacation or compensatory time up until the termination of employment, and the claims for unpaid compensation therefore did not become exigible until that time. In the present case, appellant was aware of the amount of compensation allegedly owed by the employer immediately after the work was completed. The amount allegedly due was fixed and certain. Plaintiff could have instituted judicial demand against defendant at this time.
Plaintiff also contends that there is a policy reason for setting the commencement of the prescriptive period on the date of the termination of employment. He argues that it is difficult for an employee to sue his employer during the employment for fear of retaliation. However, La. C.C. art. 3495 specifically provides that prescription accrues as to past due payments even if there is a continuation of labor. While we are not unsympathetic to plaintiff's concerns and understand the magnitude of any decision to sue an employer, we cannot attach legal significance to these subjective concerns. See, Fishbein v. State ex rel. Louisiana State University Health Sciences Center, 04-2482 (La.4/12/05), 898 So.2d 1260, 1270.
Accordingly, for the reasons assigned herein, we find that plaintiff's claims against defendant have prescribed pursuant to the clear terms of La. C.C. art. 3494. The trial court's judgment is affirmed.
AFFIRMED.