PER CURIAM.
 
 *
 

 _JjThis matter involves a peremptory exception of prescription. The court of appeal correctly recognized the district
 
 *849
 
 court committed an error of law when it dismissed Wyman II on the grounds Wy-man I did not interrupt prescription. However, even though the appellate court properly determined Wyman II was prescribed on its face and the plaintiff failed to carry their burden of proof to show otherwise, it nevertheless erred when it failed to allow the plaintiffs an opportunity to amend their petition. When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, “the judgment sustaining the exception shall order such amendment within the delay allowed by the court.” La.Code Civ. Proc. art. 934. With particularity to the question at issue in the present case, when a court sustains an exception of prescription, it should permit amendment of the plaintiffs pleadings if the new allegations which the plaintiff proposes raise the possibility the claim is not prescribed, even if the ultimate outcome of the prescription issue, once the petition is amended, is uncertain.
 
 Reeder v. North,
 
 97-0239 (La.10/21/97), 701 So.2d 1291, 1299;
 
 Whitnell v. Menville,
 
 540 So.2d 304 (La.1989). Considering this well |2established jurisprudence, we find the court of appeal erred in failing to allow the Wymans an opportunity to amend their petition in Wyman II to allege facts which may possibly establish their claim is not prescribed. Thus, we affirm the judgment of the court of appeal, but amend the judgment to remand this case to the district court to allow the Wymans to amend their petition, if they can, in Wyman II within the delay allowed by the district court and to allege facts that would show their claim is not prescribed.
 

 JUDGMENT AFFIRMED AS AMENDED; CASE REMANDED TO DISTRICT COURT.
 

 *
 

 Judge Benjamin Jones, of the Fourth Judicial District Court, assigned as Justice
 
 Pro Tem-pore,
 
 participating in this decision.