CRAIN, J.
|2The plaintiff, Towana Carr, field suit against her employer, Sanderson Farms, Inc.,[1] arid her co-employee, Kevin Webb, in tort claiming damages for injuries she received from an alleged intentional act committed by Webb. Carr appeals a judgment sustaining a peremptory exception of no cause of action and dismissing her claims against Sanderson Farms, with prejudice. We affirm in part, reverse in part, and remand.
FACTS
According to her petition, Carr sustained injuries while working at Sanderson Farms when a co-employee, Webb, deliberately struck her with a piece' of equipment he was operating called a “pallet jack.” Webb allegedly used the pallet jack to knock Carr into a wall, then, after Carr said something to Webb, he struck her a second time. Carr sued Webb and Sand-erson Farms seeking recovery for her injuries.[2]
Carr alleges that prior to the incident, while she and Webb were away from the workplace, Webb had threatened her with bodily harm. When Carr told her supervisors at Sanderson Farms, they said they could not do anything because the threats were not made on Sanderson Farms’ property. Carr further alleges:
The risk of injury which the plaintiff faced was the risk that Webb would attempt to .carry out his threat during working hours on Sanderson Farms, Inc. property ....
[[Image here]]
Webb and the plaintiff were in close proximity to each other for eight hours a day, five days per week.
* * *
*453 | ^Plaintiff faced a risk of injury at the hands of a co-worker, Webb. Webb had threatened the claimant.' Webb had the physical ability to carry out the threat. Webb had a criminal background.
* ' * *
Webb was known to the employer as having actually threatened the plaintiff.
* * *
Webb had not been rebuked or cautioned by Sanderson Farms, Inc.
* * *
The ... accident and the damages and injuries resulting therefrom were caused solely by the negligence of Sand-erson Farms, Inc., which acts of negligence include, but are not limited to the following:
a. failing to heed the warning plaintiff gave about Webb’s threat;
b. failing to take any steps to prevent Webb from injuring the plaintiff....
[[Image here]]
Sanderson Farms, Inc., is vicariously liable to the plaintiff pursuant to LSA-R.C.C. Article 2320 which imposes liability on an employer for an assault and battery which occurs during the course of and within the scope of the employment of the tort-feasor, Kevin Webb.
Carr’s petition also set forth that her workers’ compensation claim was dismissed by summary judgment based, in part, on a finding that the incident with Webb did not arise out of Carr’s employment. The petition contains no allegations about the origins of the dispute between Carr and Webb, but written reasons for the workers’ compensation judgment were attached to the petition and refer to the disagreement as a “non-work related dispute” arising out of • a domestic matter involving Webb.
Sanderson Farms responded to the petition by filing a peremptory exception of no cause of action, contending that (1) Carr’s exclusive remedy , for any negligence claim against Sanderson Farms is in workers’ compensation, and (2) |4 Sander son Farms is not vicariously liable for the alleged intentional act committed by Webb because that conduct was not within the scope of his assigned duties or in furtherance of his employer’s objective. After a hearing on the exception, the trial court signed a judgment sustaining the exception and dismissing all causes of action against Sanderson Farms.
Carr assigns as error the granting of the exception and frames the issue presented as “[w]hether.,.[Webb] was acting within the course and scope of his employment” at the time of the incident. Citing LeBrane v. Lewis, 292 So.2d 216 (La.1974), Carr argues on appeal that Webb’s intentional act is primarily employment rooted and incidental to the performance of his duties; therefore, Sanderson Farms is vicariously hable for Webb’s intentional act, and Carr has stated a cause of action.
DISCUSSION
The peremptory exception of no cause of action tests the legal sufficiency of a pleading by determining whether the law affords a remedy on the facts alleged. Naquin v. Bollinger Shipyards, Inc., 13-1638 (La.App. 1 Cir. 5/2/14), 147 So.3d 207, 209, writ denied, 14-1091 (La.9/12/14), 148 So.3d 933. In the context of the peremptory exception, a “cause of action” is defined as the operative facts that give rise to the plaintiffs right to judicially assert the action against the defendant. Paulsell v. State, Department of Transportation and Development, 12-0396 (La.App. 1 Cir. 12/28/12), 112 So.3d 856, 864, writ denied, 13-0274 (La.3/15/13), 109 So.3d 386.
*454 The exception is triable solely on the face of the petition and any attached documents. Paulsell, 112 So.3d at 864. For purposes of resolving the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Reynolds v. Bordelon, 14-2362 (La.6/30/15), 172 So.3d 589, 594-95. | fiHowever, mere conclusions unsupported by facts are not sufficient to set forth a cause of action. See Ramey v. DeCaire, 03-1299 (La.3/19/04), 869 So.2d 114, 118. The burden of demonstrating that a petition fails to state a cause of action is uppn the mover. Ramey, 869 So.2d at 119. Because the exception of no cause of action raises a question of law and the district court’s decision is based solely on the sufficiency of the petition, review of the district court’s ruling on the exception is de novo. Scheffler v. Adams & Reese, LLP, 06-1774 (La.2/22/07), 950 So.2d 641, 647. The pertinent inquiry is whether, in the'light most favorable to the plaintiff, and with every doubt resolved in the plaintiffs favor, the petition states any valid cause of action for reliéf. Scheffler, 950 So.2d at 647.
Vicarious Liability
Carr alleges that Sanderson Farms is vicariously liable for “an assault and battery which occurred] during the course of and within the scope of the employment of the tort-feasor, Kevin Webb.”
Generally, an employee’s exclusive remedy against his employer for on-the-job injury is workers’ compensation; however, an exception is made for intentional acts. See La. R.S. 23:1032 B. An employer may be-held vicariously liable in tort for the intentional acts of its employees. See La. C.C. art. 2320; Honor v. Tangipahoa Parish School Board, 13-0298 (La.App. 1 Cir. 11/1/13), 136 So.3d 31, 35-36, writ denied, 14-0008 (La.2/28/14), 134 So.3d 1181. An employer is not vicariously liable^ however, merely, because his employee commits an intentional tort on the business premises during working hours. Baumeister v. Plunkett, 95-2270 (La.5/21/96), 673 So.2d 994, 996. Vicarious liability will attach in such a case only if the employee who commits the intentional act does ’so within the ambit of his assigned duties and in furtherance of his employer’s objective. See Baumeister, 673 So.2d at 996. The intentional tortious conduct of |fithe employee must be so -closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer’s business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer’s interests. Baumeister, 673 So.2d at 996; LeBrane, 292 So.2d at 218.
Our courts have used the following four factors to determine whether an employee’s intentional tortious conduct is sufficiently connected to his employment duties to impose vicarious liability on his employer for the conduct: (1) whether the tortious act was primarily employment rooted, (2) whether the violence was reasonably incidental to the performance of the employee’s duties, (3) whether the. act occurred on the employer’s premises, and (4) whether it occurred during the hours of employment. Baumeister, 673 So.2d at 996-97; LeBrane, 292 So.2d at 218. These are simply factors to be considered in determining whether to impose vicarious liability and satisfaction of all four factors is not required. See Baumeister, 673 So.2d at 997.
The allegations of Carr’s petition satisfy the third and fourth factors because the intentional act is alleged to have occurred on the premises of Sanderson Farms and during Webb’s working hours. However, the petition does not allege any facts explaining why Webb intentionally *455 struck Carr with the pallet jack, although the attachment to the petition suggests the origin was a non-work related dispute. The petition also does not allege the nature or scope of Webb’s employment duties and how his intentional tortious conduct was incidental to those duties. Consequently, there are no facts alleged that would support a finding that the intentional act was primarily employment rooted or reasonably incidental to the performance of Webb’s duties. Absent these essential allegations, the petition fails to, state sufficient facts to support the imposition of vicarious liability on Sanderson Farms |7for Webb’s intentional act. See Dickerson v. Picadilly Restaurants, Inc., 99-2633 (La.App. 1 Cir. 12/22/00), 785 So.2d 842, 845-46 (employer not vicariously liable for intentional actions of employee who stabbed a co-employee over a dispute involving a personal toolbox); Wearrien v. Viverette, 35,446 (La.App. 2 Cir. 12/5/01), 803 So.2d 297, 303 (employer not vicariously liable for intentional actions of employee who struck a co-employee for insulting his wife); Payne v. Tonti Realty Corp., 04-752 (La.App. 5 Cir. 11/30/04), 888 So.2d 1090, 1096-97, writ denied, 05-0192 (La.4/1/05), 897 So.2d 606 (employer not vicariously liable for intentional actions of employee who hit a co-employee with a golf cart). The trial court did not err in finding that the petition failed to state a cause of action against Sanderson Farms for vicarious liability.
Negligence
Our inquiry does not end with our analysis of the vicarious liability theory argued by Carr. The petition should not be dismissed merely because plaintiffs allegations do not support the legal theory she intends to-proceed on, since the court is under a duty to examine the petition to determine if the allegations provide for relief on any possible theory. City of New Orleans v. Board of Commissioners of Orleans Levee District, 93-0690 (La.7/5/94), 640 So.2d 237, 253.
Carr’s petition includes allegations against Sanderson Farms that purport to be based in negligence. Although negligence claims by an employee against her employer for injuries sustained on the job are typically barred by the exclusivity provision of the workers’ compensation act, the act does not cover injuries arising out of a “dispute with another person or employee over matters unrelated to the injured employee’s employment.” See La, R.S. 23:1031 E. Subsection 23:1031 E was added to relieve the employer Of paying compensation for injuries arising out of disputes unrelated to employment. See Guillory v. Interstate Gas Station, 94-767 (La.3/30/95), 653 So.2d 1152, 1155.[3] When an injury or illness is specifically excluded from the scope of the workers’ compensation act, the exclusivity provision of the act does not apply, and the employer is not immune from a tort Suit based on that injury,.. See O’Regan v. Preferred Enterprises, Inc., 98-1602 (La.3/17/00), 758 So.2d 124, 127; Holliday v. State ex rel. Office of Financial Assistance, 98-2196 (La.App. 1 Cir. 12/28/99), 747 So.2d 755, 759, writ denied, 00-0234 (La.3/24/00), 758 So.2d 154.
Here, Carr’s petition and the attachments thereto assert that her claim for workers’ compensation benefits was summarily dismissed based upon a finding that her injury arose out of a “non-work related dispute” with Webb. Because Carr’s injury *456 is excluded from the scope of the workers’ compensation act, Sanderson Farms is not immune from a negligence suit based on that injury. See O’Regan, 758 So.2d at 127; Holliday, 747 So.2d at 759.
Carr alleges that Webb “deliberately” struck her with the pallet jack, and that Sanderson Farms was negligent in failing to “heed the warning plaintiff gave about Webb’s threat” and “to take steps to prevent Webb from injuring the plaintiff.” From these allegations we must determine whether the petition states a cause of action in negligence against Sanderson Farms for her injuries. The question presented is whether a cause of action can be stated in negligence against an employer by an employee who was the subject of an intentional act committed by a co-employee, after the employee notified the employer of threats by the coemployee made away from the workplace.
A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Rando v. Anco Insulations, Inc., 08-1163 (La.5/22/09), 16 So.3d 1065, 1086. Although duty is generally a question of law, whether a legal duty exists, and the extent or scope of that duty, depends on the facts and circumstances of the case and the relationship of the parties. See Ramey v. DeCaire, 03-1299 (La.3/19/04), 869 So.2d 114, 119; Everett v. State Farm Fire & Casualty Insurance Company, 09-1699 (La.App. 1 Cir. 3/26/10), 37 So.3d 456, 464. Thus, whether a particular defendant owes a particular duty to a plaintiff in á particular factual context is a mixed question of law and fact. See Parents of Minor Child v. Charlet, 13-2879 (La.4/4/14), 135 So.3d 1177, 1181, cert. denied, — U.S. -, 135 S.Ct. 1154, 190 L.Ed.2d 923 (2015). The scope of a duty may not encompass the risk encountered where the circumstances of the injury cannot reasonably be foreseen or anticipated, because in that instance there is no ease of association between the risk of injury and the duty, Lazard v. Foti, 02-2888 (La.10/21/03), 859 So.2d 656, 661.
An employer has a duty to exercise reasonable care for the safety of his employees and to not expose them to unreasonable risks of injury or harm. See La. R.S. 23:13; Mundy v. Department of Health and Human Resources, 620 So.2d 811, 813 (La.1993); Martin v. Bigner, 27,694 (La.App. 2 Cir. 12/6/95), 665 So.2d 709, 712. If an employer knows or should know of a dangerous condition or person on his premises, the employer is obligated to take reasonable steps to protect its employees. Martin, 665 So.2d at 712.
Louisiana courts have had occasion to consider imposing a duty upon an employer with respect to injuries to an employee intentionally caused by a coemployee. In Kelley v. Dyson, 10-61 (La.App. 5 Cir. 5/25/10), 40 So.3d 1100, 1102, an employee alleged that he sustained injuries when a co-employee intentionally kicked him during an incident that occurred after work and off the job site. The plaintiff further alleged that the co-employee had violent propensities, | inhad previously harassed and threatened the plaintiff, and that the harassment had been reported to a supervisor. Kelley, 40 So.3d at 1102. The trial court sustained an exception of no cause of action, and the court of appeal affirmed, holding that the employer “had no duty to protect [the employee] from an intentional act committed by a co-employee after hours, off the worksite, and which did not occur in the course and scope of employment.” Kelley, 40 So.3d at 1106.
Similarly, in Olmeda v. Cameron International Corporation, 14-1904, 2015 WL 4254157, at *13 (E.D.La.7/13/15), 139 F.Supp.3d 816, 835-36, an employee pursued a claim against his employer for negligent hiring, retaining, and supervision of *457 co-employees who attempted to frighten the plaintiff by pulling up behind him on a roadway and firing a shotgun at his truck. Although the plaintiff presented evidence of prior hostilities between the parties that had been brought to the attention of a supervisor, the court granted summary judgment to the employer, holding, “There is nothing in the record to support imposing a duty on [the employer] to protect [the plaintiff] on the weekend and away from the facility and certainly not from a highway drive-by shooting.” Olmeda, 139 F.Supp.3d at 836, 2015 WL 4254157 at *13.
These cases are factually distinguishable from the subject case, where Carr alleges that Webb’s intentional conduct occurred at Sanderson Farms while both employees were working and after Sanderson Farms was notified of threats by Webb directed at Carr.
We find that a duty may be owed by Sanderson Farm in this instance. The foreseeability of the risk of Webb’s intentional act being committed on the defendant’s property and the gravity of the harm determine both the existence and scope of the defendant’s duty. Posecai v. Wal-Mart Stores, Inc., 99-1222 (La.11/30/99), 752 So.2d 762, 768. The greater the foreseeability and gravity of harm, the greater the duty of care that will be imposed. Posecai, 752 So.2d at 768. Foreseeability and gravity of harm are determined by the unique facts'and circumstances ‘ of each case. Posecai, 752 So.2d at 768.
Carr alleges that Webb, while outside the workplace, threatened her with bodily harm. She alleges that she told her supervisors at Sanderson Farms about the threats. But, the petition contains no other information about the content of the threats, the number of threats, or the temporal relation between the threats, the report of the threats to Carr’s supervisors, and the intentional act. Such information is essential to establish the foreseeability of Webb’s alleged intentional conduct and to define the duty, if any, on the part of Sanderson Farms to protect against it.
While we find that a cause of action in negligence may be stated under these circumstances, the- bare allegation in the petition that Carr informed her supervisors of a threat made by Webb outside the workplace and directed at Carr is not sufficient, if accepted as true, to.establish that Sanderson Farms should have foreseen the alleged intentional act being committed at work and acted to prevent it. Consequently, the petition does not set forth a duty on the part of Sanderson Farms to protect Carr from Webb’s intentional conduct. .In the absence of such a duty, the petition fails to state a cause of action in negligence against Sanderson Farms. See Kelley, 40 So.3d at 1105-06; Olmeda, 139 F.Supp.3d at 835-36, 2015 WL 4254157 at *13. The trial court did not err in sustaining the exception of no cause of action as to the negligence claim.
When the grounds of an objection pleaded by the peremptory exception may be removed by amendment of the petition, “the judgment sustaining the exception shall order such amendment within the delay allowed by the court.” See La. Code Civ. Pro. art. 934; Wyman v. Dupepe Construction, 09-0817 (La.12/1/09), 24 So.3d 848, 849 (per curiam); Charming Charlie, Inc. v. Perkins Rowe Associates, L.L.C. 11-2254 (La.App. 1 Cir. 7/10/12), 97 So.3d 595, 600. We are unable to say, as a matter of law, that the objection cannot be removed by an amendment relative to either the vicarious liability or negligence claims, as analyzed above. Therefore, out of an abundance of caution, this matter will be remanded to allow Carr the opportunity to amend her petition in accor *458 dance with Louisiana Code of Civil Procedure article 934, See Ramey, 869 So.2d at 119-20; Wyman, 24 So.3d at 849; Charming Charlie, Inc., 97 So.3d at 600. The trial court shall fix the time period allowed for any such amendment.
CONCLUSION
■ The trial court’s judgment signed on May 6, 2016, is affirmed insofar as it sustained the exception of no cause of action filed by Sanderson Farms. However, we reverse that part of the judgment that dismissed Carr’s claims against Sanderson Farms with prejudice, and remand the matter to the trial court with instructions to issue an order granting Carr the opportunity to amend her petition to state a cause of action; if she can, within a delay deemed reasonable by the trial court. All costs of this appeal are assessed to Towa-na Carr.[4]
AFFIRMED IN PART; REVERSED IN PART; MOTION TO FILE REPLY BRIEF DENIED; REMANDED WITH INSTRUCTIONS.

. The plaintiffs petition identified this parly as "Sanderson Farm, Inc.”; however in its pleadings filed in this matter, the defendant appeared as “Sanderson Farms, Inc.”

. We note that Webb was not served with the petition and apparently remains a defendant in the lawsuit.

. At the time that Guillory was decided, the pertinent subsection was designated La, R.S. 23:1031 D. Without changing the wording of the subsection, in 1997, by La. Acts 315, the legislature re-designated subsection D as subsection E.

. We also deny a motion filed by Carr seeking to file a reply brief after the applicable deadline.