CRAIN, J.
|2The plaintiff, Towana Carr, appeals a judgment sustaining an exception of no cause of action and dismissing her claims against Sanderson Farms, Inc. We reverse and remand.
FACTS AND PROCEDURAL HISTORY
This tort suit, which comes before this court for a second time, arises out of an altercation between two employees, Carr and Kevin Michael Webb, that occurred on their employer’s premises during working hours. Carr alleges that Webb deliberately struck and injured her with a piece of equipment known as a “pallet jack.” Carr sued Webb and Sanderson Farms, the employer of both Carr and Webb, alleging that Sanderson Farms was vicariously liable for Webb’s intentional conduct, and that Sanderson Farms was negligent for faffing to prevent Webb from injuring Carr. In the previous appeal, this court affirmed, in part, a judgment of the trial court sustaining an exception of no cause of action filed by Sanderson Farms. Carr v. Sanderson Farm, Inc., 15-0953 (La. App. 1 Cir. 2/17/16), 189 So.3d 450, 458. The trial court’s dismissal of the claims, however, was reversed, and the matter was remanded to allow Carr an opportunity to amend her petition to remove, if possible, the grounds for the exception. Carr, 189 So.3d at 457-58.
Carr amended her petition to set forth the following allegations. Webb was hired by Sanderson Farms on July 23, 2010. For several years prior to his employment, Webb engaged in a pattern of criminal conduct. Sanderson Farms, which conducts pre-employment background cheeks on job *439 applicants, was aware of this criminal history and Webb’s propensity for violent behavior, particularly toward women. After hiring Webb, Sanderson Farms documented two instances of physical altercations involving Webb, one that occurred off the premises at a bar |son February 5, 2011, which resulted in Webb injuring his hand and missing a day of work, and a second incident on November 2, 2012, which resulted in Webb being suspended from work for three days for fighting on the premises.
Carr and Webb work in the same division and section at Sanderson Farms and, at all pertinent times, worked the same shifts. Carr was personally acquainted with Webb due to his relationship with Carr’s cousin, Kathryn Hess. According to the amended petition, Webb’s relationship with Hess has been marked by several incidents of domestic violence committed by Webb against Hess. One such incident allegedly occurred on September 25, 2011, when Webb was arrested and charged with domestic abuse battery. He appeared in court twice for that charge, on December 1, 2011, and April 2B, 2012, and Webb provided Sanderson Farms with a copy of the notice issued for both court dates.
A second altercation occurred on December 14, 2012 at Hess’ residence. Carr was present on this occasion and, in an effort to protect Hess, positioned herself between Hess and Webb, demanded that Webb leave, and instructed another individual to call the police. In response to Carr’s actions, Webb told her, “Bitch, don’t worry about it. I’ll get at you. I work -with you.”
On the next workday, Carr reported the incident to her supervisor, Jude Cambrie, and her shift manager, Luke McDaniel. Carr described the confrontation with Webb and his threat to “get” her, and she expressed fear for her safety when around Webb. Cambrie replied that Sanderson Farms could not do anything at that time and that Carr should notify Cambrie if Webb said anything to her at work. McDaniel similarly stated that since “it didn’t happen here, we can’t do anything.”
Carr returned to work apparently without incident for the next two weeks until January 4, 2013. On that date, she encountered Webb while he was transporting a one-ton container of dry ice using a pallet jack. An employee | operating a pallet jack, according to Sanderson Farms’ policy, must stop the machine when pedestrians are present and allow them to pass before resuming movement of the equipment. Webb, however, did not stop the pallet jack; instead he deliberately steered the machine into Carr, who, despite her attempt to avoid being hit, was struck in the left leg. Carr said something to Webb, who then turned the pallet jack around and hit her again, this time striking Carr in the chest.
Carr alleges multiple theories of recovery against Sanderson Farms. Citing Louisiana Civil Code article 2320, Carr asserts that Sanderson Farms is vicariously liable for Webb’s intentional actions because his conduct was primarily employment rooted and was reasonably incidental to the performance of his duties. Carr also alleges that her injuries were caused by Sander-son Farms’ independent acts of negligence, which include disregarding its own workplace policies and rules concerning threats of violence by employees, disregarding Carr’s disclosure of Webb’s threat, and failing to say anything to Webb after being informed of the threat.
In response to the amended petition, Sanderson Farms filed another exception of no cause of action, which, after a contradictory hearing, the trial court sustained. In a judgment signed on June 15, 2016, the trial court dismissed Carr’s claims against *440 Sanderson Farms with prejudice. Carr appeals.
DISCUSSION
The peremptory exception of no cause of action tests the legal sufficiency of a pleading by determining whether the law affords a remedy on the facts alleged. Naquin v. Bollinger Shipyards, Inc., 13-1638 (La.App. 1 Cir. 5/2/14), 147 So.3d 207, 209, writ denied, 14-1091 (La. 9/12/14), 148 So.3d 933. In the context of the peremptory exception, a “cause of action” is defined as the operative facts that give | srise to the plaintiffs right to judicially assert the action against the defendant. Paulsell v. State, Department of Transportation and Development, 12-0396 (La.App. 1 Cir. 12/28/12), 112 So.3d 856, 864, writ denied, 13-0274 (La. 3/15/13), 109 So.3d 386.
The exception is triable solely on the face of the petition and any attached documents. Paulsell, 112 So.3d at 864. For purposes of resolving the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Reynolds v. Bordelon, 14-2362 (La. 6/30/15), 172 So.3d 589, 594-95. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. Ramey v. DeCaire, 03-1299 (La. 3/19/04), 869 So.2d 114, 119. Because the exception of no cause of action raises a question of law and the district court’s decision is based solely on the sufficiency of the petition, review of the district court’s ruling on the exception is de novo. Scheffler v. Adams & Reese, LLP, 06-1774 (La. 2/22/07), 950 So.2d 641, 647. The pertinent inquiry is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiffs favor, the petition states any valid cause of action for relief. Scheffler, 950 So.2d at 647.
We first review the allegations of the petition to determine whether they support a cause of action in negligence against Sanderson Farms. As we did in our earlier opinion, we begin by pointing out that the immunity provided by the workers’ compensation act, which generally bars a negligence suit by an injured employee against her employer, does not apply to injuries arising out of a “dispute with another person or employee over matters unrelated to the injured employee’s employment.” Holliday v. State ex rel. Office of Financial Assistance, 98-2196 (La.App. 1 Cir. 12/28/99), 747 So.2d 755, 759, writ denied, 00-0234 (La. 3/24/00), 758 So.2d 154. Carr alleges that Webb intentionally injured her because | fishe intervened in a domestic dispute between Webb and Hess. These allegations, if accepted as true, are sufficient to establish that Carr’s alleged injuries arose out of a dispute that is unrelated to her employment. Therefore, on its face, Carr’s negligence claim against Sanderson Farms is not barred by the workers’ compensation act. See La. R.S. 23:1031E and 1032A(1)(a); Caw, 189 So.3d at 455; Holliday, 747 So.2d at 759.
An employer has a duty to exercise reasonable care for the safety of its employees and to avoid exposing them to unreasonable risks of injury or harm. See La. R.S. 23:13; Mundy v. Department of Health and Human Resources, 620 So.2d 811, 813 (La. 1993); Carr, 189 So.3d at 456; Martin v. Bigner, 27,694 (La.App. 2 Cir. 12/6/95), 665 So.2d 709, 712. If an employer knows or should know of a dangerous condition or person on his premises, the employer is obligated to take reasonable steps to protect its employees. Carr, 189 So.3d at 456; Martin, 665 So.2d at 712.
In the previous appeal, we held that the relevant allegations of Carr’s original petition, which alleged only that Webb had threatened Carr, were not sufficient to *441 establish the foreseeability of Webb’s intentional conduct and, therefore, failed to establish a duty on the part of Sanderson Farms to prevent that conduct. See Carr, 189 So.3d at 457. In so holding, we particularly noted that “the petition contains no other information about the content of the threats, the number of threats, or the temporal relation between the threats, the report of the threats to Carr’s supervisors, and the intentional act.” Carr, 189 So.3d at 457.
As amended, Carr’s petition provides more information about the nature of the threats, as well as Sanderson Farms’ alleged knowledge of Webb’s history of criminal behavior and propensity for violence. During his employment with Sand-erson Farms, Webb was involved in two physical altercations, including a |7fight during work on Sanderson Farms’ premises that occurred approximately one month before Webb threatened Carr. Webb’s threat, as alleged, unequivocally conveyed his intention to “get” Carr, and implied that the threat could be carried out at work. When Carr next reported to work, she informed her supervisor and shift manager of the confrontation and Webb’s threat, but no action was taken by Sander-son Farms. Less than three weeks later, Webb struck Carr with the pallet jack.
In support of its exception of no cause of action, Sanderson Farms argues the amended petition does not specifically allege that Carr told her supervisor and shift manager that Webb threatened to injure her at work. We do not interpret the petition as narrowly as Sanderson Farms, nor, in any event, do we find any omission of this specific allegation determinative of Carr’s cause of action. The allegations assert that following the confrontation, Carr spoke to her supervisor and shift manager and “reported what had happened,” including Webb’s threat that “he was going to get at me, that he was going to get back at me.” Carr likewise expressed fear of being around Webb. At the time this information was conveyed, Sanderson Farms was allegedly aware of multiple previous incidents wherein Webb physically attacked other people, including an altercation at work only one month earlier. According to the petition, Sander-son Farms took no action to address Webb’s threat against Carr, other than telling Carr to tell Sanderson Farms the next time Webb said something.
Accepting these allegations as true, we find the petition states a valid cause for relief. If an employer knows or should know of a. dangerous condition or person on his premises, the employer is obligated to take reasonable steps to protect its employees. Carr, 189 So.3d at 456; Martin, 665 So.2d at 712. Sanderson Farms was allegedly aware that Webb, an employee with a known |shistory of violent behavior in the workplace, had threatened to “get” Carr, a co-employee who worked the same shift and in close proximity with Webb on a daily basis. When made aware of this threat, Sanderson Farms allegedly failed to take any steps to protect Carr, and, as a result, she sustained injuries in an attack by Webb. Based upon these allegations, we find the trial court erred in sustaining the exception of no cause of action and dismissing Carr’s claim against Sanderson Farms.[1]
*442 CONCLUSION
The June 15, 2016 judgment of the trial court is reversed, and this matter is remanded for further proceedings. All costs of this appeal are assessed to Sanderson Farms, Inc.
REVERSED AND REMANDED.

. Because we find the petition states a cause of action against Sanderson Farms based upon its own alleged negligence, we pretermit any determination of whether the petition states a cause of action against Sanderson Farms based upon its alleged vicarious liability for Webb’s intentional conduct. See Louisiana Public Service Commission v. Louisiana State Legislature, 12-0353 (La.App. 1 Cir. 4/26/13), 117 So.3d 532, 537 (“If a petition states a cause of action on any ground or *442 portion of the demand, the objection of no cause of action must be overruled.”).