STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 1100

BELTON JOSEPH DIDIER AND DARE POWERS DIDIER

VERSUS

MARK RANDOLPH SIMMONS

*Judgment Rendered:* **MAY 1 1 2020**

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. 672,116

The Honorable Wilson E. Fields, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Vincent A. Saffiotti<br>Natalie C. Neale<br>Baton Rouge, Louisiana | Counsel for Plaintiffs/Appellants<br>Belton Joseph Didier and<br>Dare Powers Didier |
| Michael S. Walsh<br>Savannah W. Smith<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Mark Randolph Simmons |

* * * * * * * *

BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

McDonald, J. dissenting in part and concurring in part and assigns reasons.

**THERIOT, J.**

Belton Joseph Didier and Dare Powers Didier appeal the Nineteenth Judicial District Court's judgment sustaining Mark Randolph Simmons' peremptory exception of no cause of action. For the following reasons, we affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

On August 2, 2018, Belton Joseph Didier and Dare Powers Didier (collectively "Appellants") filed a petition for revocation of donation, seeking to revoke all donations made by Appellants in favor of their former son-in-law, Mark Randolph Simmons ("Appellee"). Appellants asserted that Appellee and their daughter, Jill Didier Simmons, had been married on March 25, 2006. Appellants further alleged that, on May 12, 2014, they had executed two donations inter vivos donating certain movable property to Jill Didier Simmons and her then-husband, Appellee, in equal parts. According to Appellants, the donations inter vivos included cash and shares of stock worth approximately $400,000.

In their petition, Appellants alleged that, beginning in August 2017, it was suspected that Appellee was having an affair. Appellee initially denied these allegations. Based on her suspicions of Appellee's infidelity, Jill Didier Simmons filed for divorce on February 5, 2018. Appellants averred that Appellee confessed on March 7, 2018 that he had been having an affair for a year and a half. As a result, Appellants sought the revocation of all donations made to Appellee, alleging that Appellee was guilty of cruel treatment and/or grievous injury, and actions constituting ingratitude. Appellants sought to uphold the donations to their daughter, Jill Didier Simmons.

Appellee answered the petition on September 5, 2018. On March 7, 2019, Appellee filed a peremptory exception of no cause of action. In an accompanying memorandum in support of his exception of no cause of action, Appellee argued

2

that Appellants had failed to state a cause of action for ingratitude. Appellee specifically argued that neither Appellants' allegations of adultery nor the ongoing divorce proceedings constituted cruel treatment towards Appellants.

A hearing on the exception of no cause of action was held on May 6, 2019. Subsequently, in a judgment signed on May 21, 2019, the trial court sustained Appellee's exception of no cause of action. This appeal followed.

## ASSIGNMENT OF ERROR

Appellants assign the following as error:

(1) The trial court erred in sustaining the peremptory exception of no cause of action and thereby dismissing Appellants' petition for revocation when the petition, on its face, alleges cruel treatment and grievous injuries constituting ingratitude perpetrated by Appellee towards them in support of Appellants' claim to revoke their donation to Appellee, thus stating a cause of action pursuant to Louisiana Civil Code article 1557.

## STANDARD OF REVIEW

The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. The burden of demonstrating that the petition states no cause of action is upon the mover. Peremptory exceptions raising the objection of no cause of action present legal questions, which are reviewed using the *de novo* standard of review. The court reviews the petition and accepts well-pleaded allegations of fact as true. *Reyer v. Milton Homes, LLC*, 2018-0580 (La. App. 1 Cir. 2/25/19); 272 So.3d 604, 607. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. Code Civ. P. art. 931; *Reyer*, 272 So.3d at 607.

An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. If the petition states a cause of action on any ground or portion of the demand, the exception should generally be overruled.

3

Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity to present evidence at trial. *Badeaux v. Southwest Computer Bureau, Inc.*, 2005-0612 (La. 3/17/06); 929 So.2d 1211, 1217.

## DISCUSSION

Appellants allege that Appellee is guilty of cruel treatment or grievous injury towards them, which amounts to ingratitude sufficient to revoke their donation pursuant to La. Civ. Code art. 1557. Thus, Appellants assert that their petition, which sets forth several factual allegations in support of their claims of cruel treatment and/or grievous injury by Appellee, alleges sufficient facts to state a valid cause of action under La. Civ. Code art. 1557. Appellee argues that Appellants' petition fails to assert acts that constitute cruel treatment or grievous injury towards the donors. Accordingly, Appellee argues that recognizing a cause of action under the facts alleged would impermissibly broaden the scope of La. Civ. Code art. 1557.

A donation inter vivos is a contract by which a person, called the donor, gratuitously divests himself, at present and irrevocably, of the thing given in favor of another, called the donee, who accepts it. La. Civ. Code art. 1468. A donation inter vivos may be revoked because of ingratitude of the donee. La. Civ. Code art. 1556.

Louisiana Civil Code article 1557 provides that revocation on account of ingratitude may take place only in the following cases: (1) If the donee has attempted to take the life of the donor; or (2) If he has been guilty <u>towards him</u> of cruel treatment, crimes, or grievous injuries. (Emphasis added.) Moreover, Comment (c) of La. Civ. Code art. 1557 states:

> Under this Article, an act of the donee that is offensive to the donor is not to be considered a ground for revocation of a donation unless the offense is serious. The jurisprudence has held that cruel treatment or

4

grievous injury sufficient to revoke a donation may include adultery by a spouse; filing suit against a parent falsely alleging criminal activity; and slandering the memory of the donor. (Citations omitted.)

As stated above, adultery by a spouse has been held to constitute cruel treatment or grievous injury sufficient to revoke a gratuitous donation. *Gorman v. Gorman*, 2016-0332 (La. App. 1 Cir. 1/10/17); 2017 WL 123350 at *4 (unreported), writ denied, 2017-0397 (La. 4/24/17); 219 So.3d 1098; see also *Whitman v. Whitman*, 31,814 (La. App. 2 Cir. 3/31/99); 730 So.2d 1048, 1053. Appellants' petition alleges Appellee committed adultery, which would clearly constitute cruel treatment towards Jill Didier Simmons. However, the question in this case is whether Appellees' actions constitute cruel treatment towards the donors.

Regarding any cruel treatment directed towards donors, Appellants assert in their petition that they "are extremely aggrieved by [Appellee's] egregious behavior and flagrant betrayal of their and their daughter's trust." Appellants further claim to be "utterly shattered and humiliated by the ruse executed by [Appellee] and feel completely betrayed, both on their own behalf, and on behalf of their daughter, as a result of their son-in-law's deceit." The petition further states that Appellee lied to Appellants "throughout the marriage."

Thus, although the petition primarily refers to Appellee's adultery, and thus Appellee's cruel treatment of Jill Didier Simmons, the petition also includes assertions that Appellee betrayed Appellants' trust, humiliated Appellants, and lied to Appellants. However, even accepting Appellants' allegations as true, we find that the allegations are too general and vague to state a cause of action against Appellee for cruel treatment towards Appellants. Accordingly, we affirm the portion of the trial court's judgment granting Appellee's exception of no cause of action.

5

We find, however, that the trial court should have allowed Appellants an opportunity to amend their petition pursuant to La. Code Civ. P. art. 934. Louisiana Code of Civil Procedure article 934 provides:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

Pursuant to La. Code Civ. P. art. 934, if a petition fails to state a cognizable cause of action and the grounds for the objection can be removed by amendment, the plaintiff should be allowed to amend his demand. On the other hand, where the grounds for the objection cannot be removed by amendment, the trial court is not required to allow amendment. The decision to allow amendment is within the sound discretion of the trial court. *LeBlanc v. Alfred*, 2015-0397 (La. App. 1 Cir. 12/17/15); 185 So.3d 768, 777.

We are unable to say whether the objection pleaded by Appellee's peremptory exception of no cause of action may be removed by an amendment relative to Appellants' claim for ingratitude. More information about Appellee's alleged cruel treatment towards Appellants is needed to make that determination. Therefore, the portion of the judgment dismissing Appellants' suit with prejudice is reversed and this matter is remanded to allow Appellants the opportunity to amend their petition in accordance with La. Code Civ. P. art. 934. See *Carr v. Sanderson Farm, Inc.*, 2015-0953 (La. App. 1 Cir. 2/17/16); 189 So.3d 450, 457-58; *Wesley v. Our Lady of Lake Hosp., Inc.*, 2015-1649 (La. App. 1 Cir. 6/3/16); 2016 WL 3127004 at *3-4 (unreported); *Charming Charlie, Inc. v. Perkins Rowe Associates, L.L.C.*, 2011-2254 (La. App. 1 Cir. 7/10/12); 97 So.3d 595, 600.

## DECREE

For the above and foregoing reasons, the Nineteenth Judicial District Court's judgment signed on May 21, 2019 is affirmed insofar as it sustained Mark Randolph Simmons's peremptory exception of no cause of action. The portion of the judgment dismissing Belton Joseph Didier and Dare Powers Didier's suit with prejudice is reversed. This matter is remanded to the trial court with instructions to issue an order granting Belton Joseph Didier and Dare Powers Didier the opportunity to amend their petition, if possible, to state a cause of action against Mark Randolph Simmons within a delay deemed reasonable by the trial court. All costs of this appeal are assessed to Belton Joseph Didier and Dare Powers Didier.

**AFFIRMED IN PART, REVERSED IN PART, REMANDED WITH INSTRUCTIONS.**

BELTON JOSEPH DIDIER AND DARE POWERS DIDIER

VERSUS

MARK RANDOLPH SIMMONS

McDONALD, J., dissenting in part and concurring in part.

I respectfully dissent from the majority's affirmance of the judgment insofar as it sustained Simmons' exception of no cause of action. Given that affirmance, however, I concur with the majority's (1) reversal of the judgment insofar as it reversed the Didiers' suit with prejudice and (2) remand of this matter to the trial court to give the Didiers the opportunity to amend their petition.

I disagree with the majority's conclusion that the Didiers' allegations against Simmons "are too general and vague to state a cause of action." Given the exacting standards that govern our review of an exception of no cause of action, I think the Didiers have indeed sufficiently alleged a cause of action for revocation of the donation because of Simmons' ingratitude.

In their petition, the Didiers make the following pertinent allegations:

1.      During Simmons' marriage to Jill, the Didiers "developed and maintained a positive relationship with their son-in-law due, in pertinent part, to what was, perceivably, a loving and dutiful marriage between [Simmons] and Jill." (Petition ¶2)

2.      " 'In consideration of [the] love and affection' they had for their daughter and for their son-in-law based on his marriage to their daughter," the Didiers made donations totaling $400,000 to the couple. (Petition ¶3)

3.      In October of 2017, Simmons confessed to having an "emotional affair" with another woman. Simmons "vehemently denied, however, that said emotional affair had ever become sexual. And, at that time, Jill and [the Didiers] believed him." (Petition ¶4)

4.      On March 7, 2018, Simmons "finally confess[ed] ... that he had, indeed, lied to Jill and to [the Didiers] throughout the marriage" regarding his affair "which had been sexual all along." (Petition ¶6)

5.      Accordingly, the Didiers, "who previously trusted that [Simmons] was a loving and faithful husband to their daughter and, as such, held him in high regard as their son-in-law, are extremely aggrieved by [Simmons']

*egregious behavior and flagrant betrayal of their and their daughter's trust. [The Didiers] are utterly shattered and humiliated* by the ruse executed by [Simmons] and feel completely betrayed, both *on their own behalf* and on behalf of their daughter ... ." (Petition ¶8)

6.    The Didiers "submit that the adulterous actions, violations of trust, and blatant deceits perpetrated by [Simmons], in addition to the concurrent acrimony and stress which have resulted from the pending divorce proceedings between [Jill and Simmons], all constitute cruel treatment and grievous injury amounting to ingratitude for the donations made by [the Didiers]. (Petition ¶9)

(Emphasis added.)

To state a revocation cause of action, a donor must allege that the donee has been guilty *towards the donor* of cruel treatment, crimes, or grievous injury. La. C.C. art. 1557. Grievous injuries sufficient to revoke a donation are those "naturally offensive to the donor." *Gorman v. Gorman,* 16-0332 (La. App. 1 Cir. 1/10/17), 2017 WL 123350 *4.

Upon our de novo review of an exception of no cause of action, we are required to give the Didiers' allegations every reasonable interpretation in favor of maintaining the sufficiency of their petition and affording them the opportunity to present evidence at trial. *Agrifund, LLC v. Radar Ridge Planting Co., Inc.,* 19-1528 (La. 11/25/19), 283 So.3d 492 *(per curiam); Dumas v. Board of Ethics,* 19-0289 (La. App. 1 Cir. 11/15/19), 290 So.3d 1143, ____, *writ denied,* ___ So.3d ___, 2020 WL 1923065. Further, a court should grant an exception of no cause of action only when it appears *beyond doubt* that the plaintiff can prove *no set of facts* in support of any claim that would entitle him to relief. *Badeaux v. Sw. Computer Bureau, Inc.,* 05-0612 (La. 3/17/06), 929 So.2d 1211, 1217 (emphasis added).

Given the above standard, and resolving all doubt in favor of the petition, I interpret the Didiers' above allegations to say that they: maintained a positive relationship with Simmons during his marriage to their daughter; made the monetary donation to Simmons in consideration of their love and affection for him as their daughter's husband; believed him when he said his affair was only emotional; were lied to by Simmons; are extremely aggrieved by Simmons' egregious behavior and flagrant betrayal of their trust; are utterly shattered and humiliated by the ruse executed by Simmons and feel completely betrayed; consider Simmons' adulterous actions, violations of trust, and

2

blatant deceits as constituting cruel treatment and grievous injury amounting to ingratitude towards them.

If interpreted this way, I think the Didiers' petition sufficiently alleges that Simmons actions are "naturally offensive" to them, not just to their daughter, Jill. Notably, in *Melancon v. Garon,* 14-1532 (La. App. 1 Cir. 4/24/15), 2015 WL 1882732 *4, this court noted that the trial court did not err in considering one son's grievous acts against his mother, the mother's husband, and the mother's other son in reaching its determination that the mother was entitled to revocation of a donation to that son. Thus, under *Melancon,* I think a donor may rely on a donee's acts of grievous injury to someone other than the donor to state a revocation cause of action.

For these reasons, rather than remanding to require the Didiers to further amend their petition, I think this court should reverse the judgment sustaining Simmons' peremptory exception of no cause of action and remand this matter to instead afford the Didiers the opportunity to present evidence of their revocation claim against Simmons at a trial on the merits.

3