STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0797

RAY M. NEWTON

VERSUS

ST. TAMMANY FIRE DISTRICT NO. 12, ET AL

*Judgment Rendered:*  FEB 1 9 2021

* * * * * * * *

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 2018-14887

The Honorable Reginald T. Badeaux, III, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Patrick J. Berrigan<br>Slidell, Louisiana<br>and<br>David J. Schexnayder<br>Mandeville, Louisiana | Counsel for Plaintiff/Appellant<br>Ray M. Newton |
| Wayne R. Maldonado<br>David I. Bordelon<br>Metairie, Louisiana | Counsel for Defendant/Appellee<br>St. Tammany Fire District No. 12,<br>et al |

* * * * * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

Hester, J. concurs

**THERIOT, J.**

Ray M. Newton appeals the Twenty-Second Judicial District Court's October 21, 2019 judgment which, in relevant part, sustained Appellees' peremptory exception of prescription. For the following reasons, we reverse and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

On October 3, 2018, Ray M. Newton ("Appellant") filed a petition naming the following as defendants: the Board of Commissioners of St. Tammany Fire Protection District No. 12 ("FD12"); the Estate of Joseph Mitternight; Kathy Mitternight; Emily Skidmore; Helen Mitternight;[1] George Schwing; Darrell Guilott; Volunteer Firemans Insurance Company; Glatfelters Insurance Group; and ABC Insurance Company. Appellant alleged that he had been a full-time employee of FD12 from 1994 until October 2015. Appellant asserted that on October 6, 2015, he was summarily and constructively dismissed without cause because of his alleged whistleblowing and an appearance before the St. Tammany Parish Council. Appellant asserted many claims, including breach of contract, detrimental reliance, defamation, claims under the Fair Labor Standards Act ("FSLA"), wrongful termination, and claims under the Louisiana Whistleblower Statute.

All defendants jointly removed this case to the United States District Court, Eastern District of Louisiana, on December 21, 2018, asserting that the matter belonged in federal court due to Appellant's FSLA claims. Appellant dismissed with prejudice his claims against Glatfelters Insurance Group and Volunteer Firemans Insurance Company on January 16, 2019.

---

[1] Appellant's petition alleged that Kathy Mitternight, Emily Skidmore, and Helen Mitternight were the sole heirs of Joseph Mitternight and unconditionally accepted the Succession of Joseph Mitternight. Emily Skidmore and Helen Mitternight are not parties to this appeal.

On February 6, 2019, Appellant filed a motion for leave to amend his original petition, seeking to add additional allegations related to certain claims and to add a claim for unpaid wages under Louisiana law. On February 11, 2019, Appellant's motion for leave to amend his original petition was granted and the amended complaint was filed into the record. The amended petition added FD12's insurer, American Alternative Insurance Corporation ("AAIC"), as a defendant.

On February 12, 2019, Appellant filed a motion to voluntarily dismiss the FLSA claims, which was granted on February 14, 2019. On February 15, 2019, Appellant filed a motion to remand the matter to state court, which was granted on April 3, 2019.

On May 31, 2019, FD12, Schwing, Guilott, and Kathy Mitternight filed exceptions of vagueness, prescription, and no cause of action. Regarding prescription, these parties alleged that Appellant's claims of fraud, wrongful termination, libel and defamation, slander, retaliatory discharge, unspecified discriminatory actions, unjust enrichment, violations of the Louisiana Whistleblower Act, and violations of Louisiana Wage Payment Act had all prescribed. On July 25, 2019, AAIC adopted and pled the exceptions filed by FD12, Schwing, Guilott, and Kathy Mitternight. (FD12, Schwing, Guilott, Kathy Mitternight, and AAIC are henceforth referred to as "Appellees.")

A hearing on Appellees' exceptions was held on October 1, 2019. At the hearing, the trial court sustained Appellees' exceptions of vagueness, prescription, and no cause of action. Written reasons and a judgment to this effect were signed on October 21, 2019. The trial court did not give Appellant an opportunity to amend his petition. On October 17, 2019, Appellant filed a motion for new trial. Appellant's motion for new trial was denied on December 10, 2019. Judgment to this effect was signed on January 2, 2020. This appeal followed.

## ASSIGNMENTS OF ERROR[2]

Appellant assigns the following as error:

(1) The trial court erred when it granted Appellees' exception of prescription relative to Appellant's claims under La. R.S. 23:631 and La. R.S. 23:632 set forth in his amended petition, in holding the claims did not relate back to Appellant's original and timely filed Petition, as is legally required by La. Code Civ. P. art. 1153, despite the fact that they arose from the same conduct, transaction, or occurrence as those claims set forth in the original petition, and further committed error in denying Appellant's Motion for New Trial on that issue.

(2) The trial court erred when it failed to provided Appellant with an opportunity to further amend his pleading to remove any grounds of the objection pleaded as required by La. Code Civ. P. art. 934, and further committed error in denying Appellant's Motion for New Trial on that issue.

## STANDARD OF REVIEW

The objection of prescription may be raised by a peremptory exception. La. Code Civ. P. art. 927(A)(1). Although evidence may be introduced to support or controvert any objection pleaded, in the absence of evidence, an objection of prescription must be decided upon facts alleged in the petition with all allegations accepted as true. La. Code Civ. P. art. 931; *Cichirillo v. Avondale Industries, Inc.*, 2004-2894 (La. 11/29/05); 917 So.2d 424, 428. Ordinarily, a party urging an exception of prescription bears the burden of proving that the prescriptive period has elapsed. However, if the petition shows that it is prescribed on its face, then the burden shifts to the plaintiff to prove that the prescriptive period has not elapsed. When evidence is introduced at the hearing on a peremptory exception of prescription, the trial court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. Under the manifest error standard of review, a factual finding cannot be set aside unless the appellate court finds that it is manifestly erroneous or clearly wrong. However, where the issue of prescription

---

[2] Appellant initially asserted four assignments of error. However, at oral argument, Appellant conceded that two of his assignments of error, which pertained to the trial court's grant of Appellees' exception of prescription as to Appellant's whistleblower claims and defamation claims, were without merit. Therefore, we find no necessity for discussing these assignments of error herein. See *Miranne v. State Farm Mut. Auto Ins. Co.*, 54 So.2d 538, 539 (La. App. Orl. 1951).

turns upon the proper application and interpretation of statutory law, the exception presents a question of law for appellate review. *Calloway v. Lobrano*, 2016-1170 (La. App. 1 Cir. 4/12/17); 218 So.3d 644, 650. Questions of law are reviewed *de novo*, with the judgment rendered on the record, without deference to the legal conclusions of the tribunal below. *Capital City Press, L.L.C. v. Louisiana State University System Bd. of Sup'rs*, 2013-2001 (La. App. 1 Cir. 12/30/14); 168 So.3d 727, 737.

## DISCUSSION

### Assignment of Error #1

Appellant first argues that the trial court erred when it granted Appellees' exception of prescription relative to Appellant's claims under La. R.S. 23:631 and La. R.S. 23:632, which were set forth in his amended petition, because those claims related back to the original petition.

The Louisiana Wage Payment Act, La. R.S. 23:631, *et seq.*, provides for payment of wages due after termination of employment. The main purpose of the wage payment law is to compel an employer to pay the earned wages of an employee promptly after his dismissal or resignation and to protect discharged Louisiana employees from unfair and dilatory wage practices by employers. *Slaughter v. Board of Sup's of Southern University and Agr. and Mechanical College*, 2010-1049 (La. App. 1 Cir. 8/2/11); 76 So.3d 438, 446. A three-year prescriptive period applies to unpaid wages claims. See La. Civ. Code art. 3494; see also *Monroe v. Physicians Behavioral Hosp., LLC.*, 49,248 (La. App. 2 Cir. 8/13/14); 147 So.3d 787, 792-94; *Doan v. Technical Engineering Consultants, Inc.*, 2006-166 (La. App. 5 Cir. 9/26/06); 942 So.2d 1145, 1146. This prescriptive period commences to run from the day payment is exigible. La. Civ. Code art. 3495. Payment is exigible at the time the wages are earned and payment is due. See *Monroe*, 147 So.3d at 795.

We first address whether Appellant's unpaid wages claim is prescribed. Appellant alleges that he was terminated on October 6, 2015. Appellant did not include a specific claim for unpaid wages pursuant to La. R.S. 23:631 in his original petition, which was filed on October 3, 2018. On February 6, 2019, Appellant filed a motion for leave to amend his original petition. Leave was granted on February 11, 2019, and Appellant filed the amended petition which added a claim for unpaid wages under La. R.S. 23:631. Appellant acknowledges that a three-year prescriptive period is applicable, but alleges that this prescriptive period is subject to the relation back of his amended petition. Thus, the question is whether Appellant's claims, which were added in his amended petition, relate back to his original petition.

Louisiana Code of Civil Procedure article 1153 states, "[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading." It is well settled that a plaintiff may amend a petition, despite prescriptive bars, when the original pleading gives fair notice of the fact situation out of which the amended claim arises. Where the pleadings reveal some factual connexity between the original and the amended assertions and contain sufficient allegations to afford fair notice to the adverse party of the relief sought, amendments should be allowed. The out of time amendments need only be based on or factually relate to the conduct or occurrence already alleged. *Southside Civic Ass'n, Inc. v. Warrington*, 93-0890 (La. App. 1 Cir. 4/8/94); 635 So.2d 721, 723-24. The doctrine of relation back of amended pleadings should be liberally applied, particularly in the absence of prejudice. *Holmes v. Triad Hospitality*, 2011-1486 (La. App. 3 Cir. 5/16/12); 89 So.3d 532, 535; see also *Bailey v. Enervest Operating Co., LLC*, 45,553 (La. App.

6

2 Cir. 6/30/10); 43 So.3d 1046, 1053; *Clark v. East Baton Rouge Parish Dept. of Public Works*, 2015-1646 (La. App. 1 Cir. 6/3/16); 196 So.3d 142, 146-49.

The basis of Appellant's unpaid wages claim – namely, his termination and Appellees' alleged refusal to pay out Appellant's wages and benefits – appears in Appellant's original petition. Appellees had notice of the facts out of which the unpaid wages claim arose and would not be prejudiced by the application of the doctrine of relation back. Accordingly, we find that Appellant's claims under La. R.S. 23:631 and La. R.S. 23:632 relate back to October 3, 2018, the date of the filing of the original petition. Thus, Appellant's unpaid wages claims are timely.

**Assignment of Error #4**

In his fourth assignment of error, Appellant argues that he should be allowed to amend his petition to remove any grounds of the objection of prescription. Louisiana Code of Civil Procedure article 934 states:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

When a court sustains an exception of prescription, it should permit amendment of the plaintiff's pleadings if the new allegations which the plaintiff proposes raise the possibility the claim is not prescribed, even if the ultimate outcome of the prescription issue, once the petition is amended, is uncertain. *Wyman v. Dupepe Const.*, 2009-0817 (La. 12/1/09); 24 So.3d 848, 849 (per curiam). Unless it can be determined in advance of the amendment that the new allegations could have no effect on the prescription issue, opportunity to amend should be allowed. *Whitnell v. Menville*, 540 So.2d 304, 309 (La. 1989).

Whether Appellant's proposed amendments, if made, will defeat an exception of prescription is not before us, and we do not rule on this issue. See

7

*Craig v. Housing Authority of New Orleans*, 482 So.2d 148, 149 (La. App. 4 Cir. 1986). This matter is remanded to the trial court to allow Appellant the opportunity to amend his petition in accordance with La. Code Civ. P. art. 934. The trial court shall fix the time period allowed for any such amendment. See *Carr v. Sanderson Farm, Inc.*, 2015-0953 (La. App. 1 Cir. 2/17/16); 189 So.3d 450, 457-58. If the grounds of the objection raised through the exception cannot be removed, or if Appellant fails to comply with the order to amend, the claim shall be dismissed. See La. Code Civ. P. art. 934.

## DECREE

For the above and foregoing reasons, the Twenty-Second Judicial District Court's October 21, 2019 judgment is reversed insofar as it sustained Appellees' exception of prescription relating to Appellant's unpaid wages claim. We remand the matter to the trial court for further proceedings and to allow Appellant an opportunity to amend his petition within the delay allowed by the trial court to allege facts that would show which of his claims, if any, are not prescribed. Costs of the appeal are assessed to Appellees, the Board of Commissioners of St. Tammany Fire Protection District No. 12; Kathy Mitternight; George Schwing; Darrell Guilott; and American Alternative Insurance Corporation.

**REVERSED AND REMANDED.**