CRAIN, J.
|aThe defendants appeal the confirmation of a default judgment in favor of the plaintiff. We vacate the judgment and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
This proceeding arises out of an incident that occurred when the plaintiff, Colton Pi Boudreaux, was punched in the face while he was in a bar known as “Mike’s Daiquiris & Grill,” which is the trade name of the owner of the business, Papa Bear’s Pizza, LLC (Mike’s Bar). Boudreaux sustained facial injuries and filed suit against Mike’s Bar and Kyle Evans, an employee of the bar who, according to the petition, threw the punch. The defendants were served with the petition, but failed to file responsive pleadings, leading Boudreaux to obtain preliminary default judgments against them.[1]
At a default confirmation hearing, Bou-dreaux presented evidence in support of his claim. According to his testimony, Bou-dreaux was paying for a drink when he felt a tap on his shoulder and was suddenly “sucker punched” in the face. He did not see the person actually deliver the blow, but as Boudreaux was falling to the floor, he saw Evans “high fiving” another alleged employee of Mike’s Bar. Boudreaux testified that other employees of the bar walked him outside, pushed him down, kicked him in the ribs, and ripped a band *87 off his wrist that was provided when he entered the bar.
A friend who accompanied Boudreaux to the bar, Nicholas Chiconis, also testified, but Chiconis did not see the punch. He only saw Boudreaux being taken out of the bar by two people who “appeared” to be employees of Mike’s Bar, | ¡¡although Chi-conis did not know them and did not notice any logos or other identifying information on their shirts indicating they were employees of the bar,
Boudreaux was treated in the emergency room shortly after the incident and later underwent surgery to stabilize a nasal fracture, He had follow-up treatment for the facial injuries, as well as headaches. His medical expenses totaled $28,928.29, and he presented documentation and testimony in support of a claim for lost wages of $5,778.75.
After taking the matter under advisement, the trial court signed a judgment confirming the preliminary default and awarding Boudreaux a total of $104,707.04, consisting of $70,000.00 in general damages and $34,707.04 in special damages, plus costs, and judicial interest. The defendants then appeared and filed motions for new trial, which were denied.[2] The defendants now appeal.
DISCUSSION
The defendants assign as error the trial court’s finding that Boudreaux proved the elements of his claim, arguing, in relevant part, the evidence is not sufficient to prove Evans was the person who punched Bou-dreaux, or . that Evans or anyone else involved in the incident was acting-within the course and scope of employment with Mike’s Bar.
Confirmation of a preliminary default judgment is similar to a trial with the defendant being absent. The plaintiff is required to present admissible and competent evidence establishing a prima facie case, proving both the existence and the validity of the claim as though the defendant denied each allegation of the ^petition. See La. Code Civ. Pro. art. 1702A; Arias v. Stotthaven New Orleans, L.L.C., 08-1111 (La. 5/5/09), 9 So.3d 815, 820; Gorman v. Miller, 12-0412 (La.App. 1 Cir. 11/13/13), 136 So.3d 834, 840 (en banc), writ denied, 13-2909 (La. 3/21/14), 135 So.3d 620. Simply stated, in order to confirm a default,’ the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial on the merits.. Arias, 9 So.3d at 820; Gorman, 136 So.3d at 840. In doing so,' the plaintiff must adhere to the rules of evidence despite there being no opponent to urge objections. Arias, 9 So.3d at 820; Gorman, 136 So.3d at 840. The sufficiency of evidence offered in support of the confirmation of a default judgment is a factual determination governed by the manifest error standard of review. See Arias, 9 So.3d at 818.
There is a presumption that a default judgment has been rendered upon *88 sufficient evidence to establish a prima facie case and is correct, and the appellant has the burden of overcoming that presumption. However, this presumption does not apply where testimony is transcribed and contained in the record. Schilling v. Bernhard, Brothers Mechanical Contractors LLC, 12-2105 (La.App. 1 Cir. 9/13/13), 186 So.3d 658, 665-66. Because there is a transcript of the testimony in the record before us, the presumption of the validity of the confirmation of the default judgment does not apply.
A default judgment cannot be different in kind from what is demanded in the petition. See La. Code Civ. Pro. art. 1703. Boudreaux alleged in his petition that Evans, while in the course and scope of his employment with Mike’s Bar, committed a battery against him. Other employees, according to the petition, injured Boudreaux when they carried him out of the bar, caused him to land face-down on cement, and kicked him in the stomach. Boudreaux further alleged that Mike’s Bar was vicariously liable for the actions of its employees and was | ^independently negligent for failing to provide adequate security or take other measures reasonably necessary to protect Boudreaux from injury.
For the claim arising out of Evans’ conduct, Boudreaux had to make a prima facie case that Evans committed a battery, meaning Evans made a harmful or offensive contact with Boudreaux, resulting from an act intended to cause him to suffer such a contact. See Landry v. Bellanger, 02-1443 (La. 5/20/03), 851 So.2d 943, 949. It is undisputed that a battery was committed upon Boudreaux. The issue presented, however, is who committed the battery. We must determine whether the record contains sufficient evidence to reasonably support the trial court’s implied factual finding that Evans committed the battery by punching Boudreaux.
While Boudreaux testified that Evans punched him, he later acknowledged that he did not actually see Evans throw the punch. Rather, as demonstrated by the following testimony, Boudreaux only saw Evans “high fiving” another person as Boudreaux was falling:
Q. Do you recall the identity of the person who hit you? Do you know the person who hit you?
A. Yes.
Q. You — do you know — let me rephrase that. At the — did you see the person who hit you? Did you see their face at the time that you wei-e sucker punched?
A. Yes.
Q. The — when did you see their face; when the fist was coming or when — was that after the fact?
A. It was after the fact, whenever I was falling down after I got punched.
[[Image here]]
Q. What’s his ... name?
A. Kyle Evans.
[[Image here]]
|fiQ. [Ajfter you were sucker punched in the face, what happened then?
A. I was in shock. I was falling to the ground and as I’m falling to the ground I see Kyle Evans and another Mike’s employee high fiving each other—
Q. Where was—
A. —and celebrating.
Q. I’m sorry. And where was Kyle Evans ... in relation to you when you were falling to the ground?
A. Maybe 2 feet behind me.
Q. Behind you?
A. Yeah, to — my left.
Q. To your left. The same direction where the punch came from?
A. Yes, ma’am.
*89 This testimony is the only evidence offered to prove that Evans was the person who punched Boudreaux. It is entirely circumstantial. Boudreaux relies on two facts — Evans’ proximity to Boudreaux at the time of the punch and his celebratory act of high fiving another person immediately after the punch — to prove another fact: Evans threw the punch. If, as in this case, only circumstantial evidence is relied upon, that evidence, taken as a whole, must exclude every other reasonable hypothesis with a fair amount of certainty. Benjamin ex rel. Benjamin v. Housing Authority of New Orleans, 2004-1058 (La. 12/1/04), 893 So.2d 1, 5. This does not mean, however, that it must negate all other possible causes. Benjamin, 893 So.2d at 5.
Although Boudreaux testified that Evans was standing near him, he did not testify that Evans was the only person standing near him. To the contrary, at least one other person, the person Evans “high fíved,” was standing near Boudreaux at the time of the punch and was likewise seen “celebrating” after the incident. At a minimum, it is equally plausible that this person, rather than Evans, threw the 17punch. Similarly, it is also reasonably possible that Boudreaux was punched by someone else standing near him, and the exchange between Evans and his purported co-employee had nothing to do with the matter.
While evidence undoubtedly establishes Boudreaux was the victim of a battery, and the abruptness and severity of the offense may have limited his ability to provide more information about the incident, we cannot disregard the burden of proof placed on the plaintiff to confirm a default judgment. Boudreaux had to make a prima facie case that Evans threw the punch, a burden of proof ■ that required Boudreaux to convince the court with competent evidence that he would probably prevail at a trial on the merits. See Arias, 9 So.3d at 820. The circumstantial evidence presented at the confirmation hearing does not satisfy this burden of proof. Cf. Lebourgeois ex rel. Temple v. Keller, 2006-1417 (La.App. 1 Cir. 5/4/07), 2007 WL 1300846 at *4-5 (in suit against law enforcement personnel by survivors of former inmate, circumstantial evidence at trial did not eliminate other reasonable explanations for inmate’s injuries and death). Based upon our review of all of the evidence, the trial court committed manifest error in confirming the default judgment in favor of Boudreaux and against Evans.
Turning next to the claim against Mike’s Bar, Boudreaux alleged that the bar is vicariously liable for the actions of its employees and negligently failed to reasonably protect Boudreaux from injury.
An employer may be held vicariously liable in tort for the intentional acts of its employees. See La. C.C. art. 2320; Carr v. Sanderson Farm, Inc., 15-0953 (La.App. 1 Cir. 2/17/16), 189 So.3d 450, 454. An employer is not vicariously liable, however, merely because his employee commits an intentional tort on the business premises during working hours. Baumeister v. Plunkett, 95-2270 (La. 5/21/96), 673 So.2d 994, 996; Carr, 189 So.3d at 454. Vicarious liability will attach in such a case only if the employee who commits the intentional act does so within | sthe ambit of his assigned duties and in furtherance of his employer’s objective. Carr, 189 So.3d at 454. The intentional tortious conduct of the employee must be so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer’s business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer’s in *90 terests. Baumeister, 673 So.2d at 996; Carr, 189 So.3d at 454.
The following four factors have been used to determine whether an employee’s intentional tortious conduct is sufficiently connected to his employment duties to impose vicarious liability- on his employer for the conduct: (1) whether the tortious act was primarily employment rooted, (2) whether the violence was reasonably incidental to the performance of the employee’s duties, (3) whether the act occurred on the employer’s premises, and (4) whether it occurred during the hours of employment. Baumeister, 673 So.2d at 996-97; Carr, 189 So.3d at 454. A trial court’s determination that a particular act is within the course and scope of employment for purposes of vicarious liability is a factual finding governed by the manifest error rule. Baumeister, 673 So.2d at 998.
Boudreaux failed to sufficiently prove that Evans was the person who punched him. No evidence was offered of any other conduct by Evans, so the present record contains no basis for imposing vicarious liability on Mike’s Bar,for his actions.
Two other alleged employees of Mike’s Bar, according to the petition, carried Bou-dreaux out, caused him to fall on his face, and kicked him in the stomach. In support of that claim, Boudreaux testified:
A. I saw a big ole puddle of blood and I kind of spaced out for a minute, a second or two, and then they — two bouncers of Mike’s each grabbed underneath my arm and they walked me out there and they pushed me — they grabbed me by my head and pushed me straight to |9the cement, kicked me out. And one guy kicked me in the ribs and another guy ripped off my wrist band.
Q. Okay. Did you hear them say anything to you as they were pushing you out of the door?
A. One guy stated he won’t remember it and then another guy said grab his wrist band.
The only other evidence offered in support of this claim was testimony from Chi-conis, who testified:
A. That evening we both went out to the bar together. We’re in the bar for about maybe 20, 30 minutes and we kind of split up a little bit, but at one point I saw what appeared to be two Mike’s employees kind of dragging [Boudreaux] out of the bar and throw him outside of the bar.
Q. And how do you know — how did you identify them as Mike’s employees?
A. They were both wearing the same shirt and they just appeared to be Mike’s employees by the way that they were dressed.
Q. Did they have any logos or any identifying information on their shirt to indicate they were Mike’s employees?
A. Not that I saw.
Q. Do you have — did you recognize them from previous times of frequenting the joint? - .
A. No.
To impose vicarious liability on Mike’s Bar for the conduct of these individuals, Boudreaux had to prove not only that they were employees of the bar who were working at the time, but also that their intentional acts were within the ambit of their assigned duties and in furtherance of their employer’s objective. See Baumeister, 673 So.2d at 996-97; Carr, 189 So.3d at 454. While the record contains limited evidence the individuals were employees of the bar, it is devoid of evidence of the ambit of their duties or that their intentional actions of throwing Boudreaux to the cement *91 ■and kicking him in the ribs were in furtherance of their employer’s objective. Absent evidence, the court can only speculate as to whether hnthese essential elements are present in this case; however, such speculation falls far short of the factual support required- to satisfy the plaintiffs burden of proof. See Babin v. Winn-Dixie Louisiana, Inc., 00-0078 (La. 6/30/00), 764 So.2d 37, 40. The record contains no rear sonable basis for imposing vicarious liability on Mike’s Bar for the intentional conduct of these individuals. The trial court committed manifest error to the extent it found otherwise.
Lastly, Boudreaux alleged that the Mike’s Bar failed to provide adequate security or otherwise reasonably protect his safety. Although business owners are not the insurers of their patrons’ safety, they do have a duty to implement reasonable measures to protect their patrons from the criminal acts of third-parties when those acts are foreseeable. See Ponceti v. First Lake Properties, Inc., 11-2711 (La. 7/2/12), 93 So.3d 1251, 1252-63 (per curiam)-, Posecai v, Wal-Mart Stores, Inc., 99-1222 (La. 11/30/99), 752 So.2d 762, 766. The foreseeability of the criminal conduct and the gravity of the risk determine the existence and the extent of the defendant’s duty. See Ponceti, 93 So.3d at 1252-53; Posecai, 752 So.2d at 768. The most important factor to be considered is the existence, frequency, and similarity of pri- or incidents of crime on the premises, but the location, nature, and condition of the property should also be taken into account. Posecai, 752 So.2d at 768. Whether a duty is owed is a question of law. Posecai, 752 So.2d at 766.
Boudreaux presented no evidence of the existence,1 frequency, or similarity of prior incidents involving patrons in Mike’s Bar being unexpectedly punched. The trial court thus erred as a matter of law to the extent it found, based upon the present record, a duty by Mike’s Bar to protect Boudreaux from the assailant’s intentional conduct.
InFor the foregoing reasons, the trial court erred in confirming the default judgment.[3] In light of this finding, we pre-termit consideration of the defendants’ remaining assignments of error.
CONCLUSION
The judgment of the trial court signed on August 20, 2105 is vacated, and this matter is remanded for further proceedings. All costs of this appeal are assessed to Colton P. Boudreaux. ■
JUDGMENT VACATED; CASE REMANDED.

. The record on appeal contains the preliminary default judgment against Evans but does ■not contain the preliminary default judgment against Mike's Bar. According to Boudreaux; the preliminary default against Mike's Bar was entered on January 29, 2015. Mike’s Bar does not dispute this on appeal. Because we vacate the default judgment on other grounds, we do not further address this omission from the record.

. Judge Donald Johnson, who presided over the confirmation hearing and signed the confirmation of default judgment, initially referred the motions for new trial to the judge for the division to which the case was originally allotted, then, ¿ipon further consideration, ruled on the motions and denied them. While this appears to have been error, we do not consider the issue' on appeal, because neither party objected in the trial court nor assigned the matter as error on appeal. See La. Code Civ. Pro. art. 253.3D; La. Dist. Crt. Rules 9.2 and 9,3; See also Barnett v. State Department of Health & Hospitals, 15-0633 (La.App. 1 Cir. 11/9/15), 2015 WL 6951294; Oliver v. Cal Dive International, Inc., 02-1122 (La.App, 1 Cir. 4/2/03), 844 So.2d 942, 948, writs denied, 03-1230, 03-1796 (La. 9/19/03), 853 So.2d 648, 648-49.

. Boudreaux's petition also includes a spoliation-of-evidence, claim against Mike’s Bar based on allegations that the defendant intentionally or negligently destroyed security camera video of the incident; however, no evidence was presented in support of the claim. We note that Louisiana does not recognize a duty to preserve evidence in the context of negligent spoliation; however, an adverse presumption may arise when a litigant had access to evidence and did not make it available or destroyed it. See Reynolds v. Bordelon, 14-2362 (La. 6/30/15), 172 So.3d 589, 600. Because no evidence was offered at the confirmation hearing to support the application of the adverse presumption, its applicability in this case is not presently before the court and, therefore, is not addressed herein.