WHIPPLE, C.J.
*209 Plaintiff, Ken Haydel, appeals a judgment of the trial court granting summary judgment in favor of defendants, CB & I, Inc., CB & I, Inc. of Texas, and Chicago Bridge and Iron Company (hereinafter collectively referred to as "CB & I"), and dismissing with prejudice his claims against these defendants. For the following reasons, we affirm.
FACTUAL AND PROCEDURAL HISTORY
This litigation arises out of a June 13, 2013 chemical explosion at the Williams Olefins chemical plant near Geismar, Louisiana. Following the explosion, numerous plaintiffs filed suit against various defendants for injuries sustained as a result of the explosion. The trial court consolidated the various suits for discovery and motion purposes and transferred all of the suits to division "D" of the trial court to be joined with the suit captioned, "Travis Higgins v. Williams Energy Partners, L.P. et al., Suit No. 109,244. "
At the time of the explosion, CB & I was working at the Williams Olefins chemical plant pursuant to a contract, entered into in 2012, wherein CB & I contracted with Williams Olefins to expand the ethylene capacity at the plant. Haydel was hired by CB & I and was working as a fuel truck operator inside the gates of the William's Olefins plant when the explosion occurred. As a result of the explosion, Haydel filed a petition for damages naming multiple defendants, but initially not including CB & I Haydel alleged that in the aftermath of the explosion, as he was assisting other plant employees, he was pushed down and trampled by workers as they were rushing to *210 the gates of the chemical plant, resulting in his injuries.
Haydel filed several amending petitions; however, he did not name CB & I as an additional defendant until the filing of his third amended petition on March 3, 2016, wherein he alleged in paragraph 9c that CB & I was vicariously liable for his injuries as a result of CB & I's employees' intentional acts within the meaning of LSA-R.S. 23:1032(B).[1] Specifically, Haydel alleged that after the plant explosion, as he was assisting other plant employees, including many employees of CB & I, he was pushed down and trampled by workers of CB & I as they rushed to avoid the disaster.[2]
On April 22, 2016, CB & I and Lummus Technology Inc. ("Lummus") filed a joint motion for summary judgment,[3] seeking a dismissal of various plaintiffs' claims asserted against them, including Haydel's claims. CB & I and Lummus contended that the claims against them arising out of the Williams Olefins plant explosion should be dismissed because: (1) the claims against Lummus were perempted pursuant to LSA-R.S. 9:2772, as Lummus has not been associated with the Williams Olefins plant since 1991; (2) CB & I, in performing ethylene expansion work at the plant in question at the time of the accident, had nothing to do with the propylene fractionation system which brought about the accident in question; (3) CB & I cannot be vicariously liable for its employees actions in intentionally causing injuries that occurred as these CB & I personnel ran from the fire; and (4) neither Lummus nor CB & I had any maintenance obligations associated with the chemical plant.
Pertinent to the instant appeal, Haydel filed an opposition under seal to the motion for summary judgment, contending that "CB & I's employees' actions in injuring Haydel were reasonably consequent to the performance of their duties to CB & I, were reasonably anticipated by CB & I, and [therefore,] CB & I may be held vicariously liable for those acts."
Following a hearing on CB & I and Lummus's motion for summary judgment, the trial court rendered a judgment on July 12, 2016, granting the motion and dismissing with prejudice various plaintiffs'
*211 claims against CB & I and Lummus, including Haydel's claims, Haydel then filed the instant appeal.[4]
On appeal, Haydel recognizes that in the subject motion for summary judgment, "CB & I made two challenges to [his] claims. The first [challenge was] a factual challenge regarding its responsibility for the explosion[, and the second] was a purely legal challenge to its vicarious liability for the employees who injured Mr. Haydel." However, Mr. Haydel assigns error only to the trial court's ruling dismissing CB & I in its capacity as a vicariously liable employer. Specifically, Haydel assigns the following as error:
(1) The trial court erred in finding that the actions of CB & I employees who were evacuating the Williams Facility due to an explosion were purely personal actions outside of the course and scope of their employment.
(2) The trial court erred in failing to find that the risk of a sudden emergency occurring at a chemical plant at which CB & I employed workers was not a risk of harm fairly attributable to CB & I's business.
(3) The trial [court] ruled in contradiction to established jurisprudence and failed to properly apply the course and scope analysis to the actions of CB & I employees when it held that CB & I could not be held vicariously liable for the above actions of its employees.
Accordingly, while additional issues were raised and addressed by the trial court in the subject motion for summary judgment, including the dismissal of all claims against Lummus, and the lack of CB & I and Lummus's responsibility for the explosion itself, Haydel does not assign error herein as to the trial court's findings on these additional issues. Therefore, the only issue for review that is properly before this court in the instant appeal is whether the trial court properly dismissed Haydel's tort claims founded on allegations of the vicarious liability of CB & I's employees, after finding that CB & I was not vicariously liable for the alleged intentional acts that resulted in Haydel's injuries.
SUMMARY JUDGMENT
After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(A)(3).
The burden of proof rests on the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. LSA-C.C.P. art. 966(D)(1).
*212 Appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Bouquet v. Williams, 2016-0134 (La. App. 1st Cir. 10/28/16), 206 So.3d 232, 237, writs denied, 2016-2077 (La. 1/9/17), 214 So. 3d 870, 2016-2082 (La. 1/9/17), 214 So.3d 871. Thus, appellate courts ask the same questions that the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La. 7/5/94), 639 So.2d 730, 750.
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Brassette v. Exnicios, 2011-1439 (La. App. 1st Cir. 5/14/12), 92 So.3d 1077, 1081, writ denied, 2012-1583 (La. 11/9/12), 100 So.3d 831.
ANALYSIS
As noted above, generally an employee's exclusive remedy against his employer for an on-the-job injury is workers' compensation; however, an exception is made for intentional acts, LSA-R.S. 23:1032(B). This court recently summarized the well-established principles governing an employer's vicarious liability for intentional acts of its employees, stating as follows:
An employer is not vicariously liable, however, merely because his employee commits an intentional tort on the business premises during working hours. Vicarious liability will attach in such a case only if the employee who commits the intentional act does so within the ambit of his assigned duties and in furtherance of his employer's objective. The intentional tortious conduct of the employee must be so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interests. [Citations omitted, emphasis added.]
Boudreaux v. Papa Bear's Pizza, LLC, 2016-1173 (La. App. 1st Cir. 4/26/17), 220 So.3d 84, 89.
In determining whether an employee's intentional tortious conduct is sufficiently connected to his employment duties as to impose vicarious liability on his employer for such conduct, Louisiana courts have used the following four factors: (1) whether the tortious act was primarily employment rooted, (2) whether the violence was reasonably incidental to the performance of the employee's duties, (3) whether the act occurred on the employer's premises, and (4) whether the conduct occurred during the hours of employment. Boudreaux, 220 So.3d at 90.
In support of its motion for summary judgment, CB & I avers that while Haydel alleged that various unidentified CB & I personnel (and other statutory employees of CB & I) acted intentionally in trampling him while running away from the fire, Haydel will not be able to prove or establish who these certain individuals are, and further, that Haydel has failed to establish that these individuals were acting in furtherance of CB & I's business interests at the time of his injuries. Accordingly, CB & I contends that, as a matter of law, it cannot be held vicariously liable for these alleged intentional acts of unnamed personnel, including its own, in running from this fire, and thus, summary judgment dismissing *213 Haydel's claims against it is proper. We agree.
In ruling that CB & I could not be vicariously liable for the intentional acts alleged by Haydel, the trial court reasoned as follows:
[P]laintiff, Ken Haydel, further alleges the vicarious liability of CB & I personnel causing injury when they ran away from the fire. La. Civil Code Article 2320 provides for an employer's liability for the tortious acts of its servants and overseers in the exercise of the functions in which they are employed. The employer is liable for a tort committed by an employee if, at the time, the employee was acting within the course and scope of his employment. The course of employment refers to time and place. The scope of employment test examines the employment related risk of injury.
Allen v. Payne &Keller Co. , 710 So.2d 1138 (La. App. 1 Cir. 1998). The Louisiana Supreme Court has held that vicarious liability will only attach if employees are acting within the ambit of their assigned duties and acting in furtherance of the employer's objective. The inquiry requires the trier of fact to determine whether the employee's tortious conduct was so closely connected in time, place and causation to his employment duties as to be regarded a risk of harm fairly attributable to the employer's business, as compared to conduct motivated by purely personal considerations entirely extraneous to the employer's interests. Russell v. Noullet , 721 So.2d 868 (La. 1998). In this case, the unidentified employees of CB & I who trampled upon Mr. Haydel were in the same position as he was. They were all running for safety, their lives in danger. This human response cannot be said to be fairly attributable to the employer's business. As unfortunate as the situation was, CB & I is not vicariously responsible for the actions of its employees in running from danger and, in the process, trampling upon other workers.
In the instant case, the alleged "intentional" tortious acts (trampling) undisputedly did occur during business hours. Moreover, while the acts did not occur on CB & I's premises, they did occur on a job site where CB & I was working pursuant to a contract. However, we agree with CB & I that there is an absence of factual support for the first and second factors of the vicarious liability analysis, i.e., that the tortious acts as alleged were primarily employment rooted and reasonably incidental to the performance of the employee's duties. See Boudreaux, 220 So.3d at 90.
As stated above, Haydel has not assigned error to the trial court's factual finding pertaining to CB & I's lack of responsibility for the explosion itself, and therefore, the propriety of this factual finding is not an issue for review before this court. However, given this undisputed finding of the trial court that these defendants did not cause the chemical explosion, we are unable to find that the acts alleged herein, namely the act of "intentional trampling" of one employee by another in attempting to escape or run from an explosion, constitute "a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interests." Boudreaux, 220 So.3d at 89.
Safety is, undoubtedly, an integral part of every employer's business. However, the acts alleged by Haydel as resulting in his injuries were not the direct result of a safety decision or any directive of CB & I. Cf. Menson v. Taylor, 2002-1457 (La. App. 1st Cir. 6/27/03), 849 So.2d 836 (employer vicariously liable where an altercation ensued between employee and employer *214 after employer informed employee that he must drive an additional bus route); LeBrane v. Lewis, 292 So.2d 216 (La. 1974) (altercation occurred after supervisor fired employee; employer was liable for supervisor's stabbing of the discharged employee); Cowart v. Lakewood Quarters Limited Partnership, 2006-1530 (La. App. 1st Cir. 5/4/07), 961 So.2d 1212 (employer vicariously liable for injuries sustained by assistant director of nursing home, after employee attacked the assistant director upon learning that she was to be terminated). Additionally, Haydel's injuries did not result from a work-related dispute between two employees. Cf. Benoit v. Capitol Manufacturing Company, 617 So.2d 477 (La. 1993) (employer vicariously liable where an altercation ensued between two employees after disputing whether the rear-door to the work place should be open or closed). Haydel's alleged injuries resulted from individuals, some of whom were alleged, but not proven, to be CB & I's employees, taking action in an emergency situation in the interests of their own personal safety. Indeed, even if the acts of the various employees were intentional, the alleged intentional trampling of an employee by others in their attempt to escape the explosion is conduct that is "motivated by purely personal considerations entirely extraneous to the employer's interests." See Boudreaux, 220 So.3d at 89.
Accordingly, on the record before us, we are unable to find that Haydel's injuries, resulting from CB & I's employees purportedly pushing him down and trampling on him while running to safety from a chemical plant explosion that was caused by a third-party, are so closely connected in time, place, and causation as to constitute a risk of harm attributable to CB & I's business. Cf. Cowart, 961 So.2d at 1215.
Moreover, Haydel has failed to come forward with any evidence to show that the alleged offenders were CB & I's employees. In support of its motion for summary judgment, CB & I sets forth that it was entitled to summary judgment in that Haydel will not be able to prove at trial who the certain individuals are who allegedly "intentionally" trampled on him while running away from the fire. We agree that there is a complete lack of evidence on the record before us establishing that, among the numerous employees evacuating the chemical plant in the aftermath of the explosion, it was indeed CB & I's employees who pushed down and trampled Haydel, as he alleges. This failure of Haydel to come forward with any evidence to make the requisite showing that CB & I's personnel were the persons who committed these acts is a sufficient basis alone to support the dismissal of his claims against CB & I. See Boudreaux, 220 So.3d at 90 ("Boudreaux failed to sufficiently prove that Evans was the person who punched him. No evidence was offered of any other conduct by Evans, so the present record contains no basis for imposing vicarious liability on Mike's Bar for [Evans's] actions.").
Herein, CB & I has demonstrated a lack of factual support for one or more of the elements of Haydel's vicarious liability claim against it. Haydel has failed, thereafter, to come forward with factual support sufficient to establish a genuine issue of material fact or that CB & I was not entitled to judgment as a matter of law. See LSA-C.C.P. art. 966(D)(1). Thus, we find no error by the trial court in dismissing Haydel's claims against CB & I, which are based solely on CB & I's alleged vicarious liability for intentional acts of its employees.
CONCLUSION
For the above and foregoing reasons, the July 12, 2016 judgment of the trial *215 court, dismissing Ken Haydel's remaining claims against CB & I, Inc., with prejudice, is hereby affirmed. Costs of this appeal are assessed against plaintiff, Ken Haydel.
AFFIRMED.
Chutz J. concurs for reasons to be assigned.

Louisiana Revised Statute 23:1032 sets forth that as against his employer, the rights and remedies granted to an employee or his dependent on account of an accident or sickness for which he is entitled to compensation is limited to recovery of benefits exclusively as provided in the Louisiana Workers' Compensation act, subject to the following exception:
B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.

Shortly after the filing of this third amended petition, Haydel voluntarily dismissed all of his claims and causes of action against defendants, Williams Olefins, L.L.C.; The Williams Companies, Inc.; Williams Partners GP, LLC; and Williams Partners, L.P. (the "Williams Companies") Prior to this voluntary dismissal, the Williams Companies filed a motion for summary judgment, seeking a dismissal of multiple plaintiffs' claims against them, including Haydel's claims, on the basis that the Williams Companies were the statutory employer of plaintiffs and entitled to the exclusivity provision of the Louisiana Workers' Compensation statutes.
Haydel's claims against Turner Industries Group, L.L.C., Turner Industrial Maintenance, L.L.C., and Industrial Specialty Services were also dismissed, pursuant to motions for summary judgment filed by these defendants.

CB & I and Lummus share the same parent company, namely, Chicago Bridge & Iron Company, and both were named as defendants in various lawsuits arising out of the subject chemical explosion.

The notice of appeal was filed on behalf of Haydel and plaintiffs, Kelvin York and Tracy Denise York ("the York plaintiffs"), as Haydel and the Yorks are represented by the same counsel. However, counsel conceded at oral argument that the instant appeal pertains only to the dismissal of Haydel's claims and clarified that there should not have been "any mention of the York plaintiffs in the brief or notice of appeal."