613 So.2d 738 (1993)
Rodney A. REVERE
v.
Arnesta W. TAYLOR, Jr., et al.
No. 92-CA-1919.
Court of Appeal of Louisiana, Fourth Circuit.
January 28, 1993.
Writ Denied April 2, 1993.
Rodney A. Revere, in pro. per.
Reginald J. Laurent, Deputy City Atty., Brett J. Prendergast, Chief of Civ. Litigation, Kathy Torregano, Chief Deputy City Atty., William D. Aaron, Jr., Chief Atty., New Orleans, for defendants/appellees.
Before KLEES, CIACCIO and WALTZER, JJ.
WALTZER, Judge.
Rodney A. Revere, a convicted felon incarcerated in the Angola State Penitentiary, proceeding in forma pauperis, filed a petition for Mandamus and Damages against city officials Arnesta W. Taylor, Jr. and Sgt. Wayne E. Krieder of the New Orleans Police Department, individually and in their role as Superintendent and as Commander of Public Records, respectively. The trial court denied petitioner's request, without a hearing, from which Mr. Revere appeals.
Relying upon the Public Records Act, LSA-R.S. 44:1 et. seq., the appellant requested five records from the aforementioned public officials. LSA-R.S. 44:1 et. seq., sets out a procedure to guarantee access to various public records and provides for enforcement of this right by writ of mandamus, injunctive or declaratory relief. LSA-R.S. 44:35. Should the custodian refuse to allow access to the public records, the custodian must defend his action in a contradictory hearing. However, the enforcement provisions of LSA-R.S. 44:35 presuppose the existence of the records in the office of the custodian.
Appellant is seeking documents from the New Orleans Police department in connection with a 1987 homicide. In response to his request appellant was advised in writing, on June 11,1992, that, after a research of the department's records, the requested documents could not be found. Further, that the item numbers furnished by applicant were issued by the St. Tammany sheriff's office who should be contacted for the requested information. This response applied to four of appellant's five requests and fully complied with the procedure to be *739 followed in such cases as set forth in LSA-R.S. 44:34-Absence of Records.
The fifth request does not specify any particular document but seeks information regarding the personnel history of a retired police officer. This request does not describe a specific public record in the control of the custodian and, therefore, does not fall under the provisions of the Public Records Act.
Under these circumstances it would have been a vain and useless waste of the trial court's time to order a contradictory hearing for the custodian to show cause why he was refusing to produce records that he did not possess. Accordingly, we find no error in the trial court's summary refusal to issue an alternative writ of mandamus.
The judgment of the trial court is affirmed.
AFFIRMED.