I2CARTER, Judge.
This is an appeal from a trial court judgment, denying an inmate’s motion to compel.

FACTS

In 1974, Herman Wallace, plaintiff, was convicted in the 19th Judicial District Court, Parish of East Baton Rouge, on a murder charge and was sentenced to life imprisonment.[1] Wallace is currently confined in the Louisiana State Penitentiary at Angola, Louisiana. On April 12, 1993, Wallace’s criminal conviction became final upon the Louisiana Supreme Court’s denial of his application for writs. Plaintiff has exhausted all direct appeals and is currently pursuing post-eonviction remedies.
On May 27, 1993, in a letter to George H. “Hal” Ware, Jr., District Attorney for the 20th Judicial District, Parish of West Felicia-na, Wallace requested to be furnished with or allowed to inspect, copy, photograph, film, or otherwise reproduce the public records of his criminal arrest, prosecution, and conviction, in accordance with LSA-R.S. 44:1 et seq., the Public Records Law.
On August 2,1993, Wallace filed a Petition for Writ of Mandamus in the 20th Judicial District Court as a result of Ware’s failure to respond to Wallace’s previous request. In his capacity as District Attorney of West Feliciana Parish, Ware was named as the defendant in the action.
On September 16, 1993, Ware filed an answer to the petition for writ of mandamus, stating that he possessed neither the records requested nor a file in Wallace’s name. The answer also indicates that, if there are any such records in the possession of the Office of the District Attorney, the records exist in connection with the case entitled “State of Louisiana versus Albert Woodfox,” in which case charges are pending, and the case is still active. Therefore, the records would not be subject to the Public Records Law.
*736 |30n September 16, 1993, a hearing was held to determine whether Wallace had a right to the public records which he requested. At the conclusion of the hearing, the trial court ordered the parties to submit cross motions for summary judgment on the issue. In accordance with that order, on September 24, 1993, Wallace filed a motion for summary judgment.
On January 18, 1994, the trial court rendered judgment in the matter, stating as follows:
On a change of venue, the matter was tried in Iberville Parish in 1973. That conviction was overturned and ultimately the defendant (petitioner herein) was tried and convicted in East Baton Rouge Parish.
At the time of the trial and conviction and until 1984, Hon. Leon A. Picou, Jr. served as District Attorney. According to the presentations to the Court in this cause by the current District Attorney, Hon. George H. Ware, Jr., the old closed files were not turned over to him. The present District Attorney further presents to the Court that they are not to be found upon diligent search and inquiry.
Considering that the mover herein is entitled to certain files in the possession of the State of Louisiana,
IT IS ORDERED that the District Attorney furnish to the mover any files he may have or may find acknowledging his presentation that he is willing to comply, but cannot do so because he has no such file of this cause nor can locate any. This order is deemed continuing.
On January 21, 1994, Wallace was served with a certified copy of this judgment.
On June 2, 1994, Wallace filed a motion to clarify, correct, and/or amend the judgment. Wallace urged that the court order Ware to turn over “ALL documents related to HERMAN J. WALLACE regardless of the title name these records might be listed under.” Wallace also requested that the court order a specific date for Ware to turn over such documents, as a “continuing order” is “too vague.” On June 7, 1994, the trial court denied Wallace’s motion to clarify, correct, and or amend the judgment.
On July 1, 1994, Wallace filed a motion to compel performance, requesting that the court conduct a hearing for the purpose of having Ware and his predecessor, Leon A. Picou, Jr., produce any records in their custody pertaining to Wallace’s murder charge, Uprosecution, and conviction. On July 14, 1994, the trial court denied Wallace’s motion to compel, stating as follows:
The present District Attorney has informed this court that he has no files. Some 22 years ago, there was another district attorney, Mr. Picou, who advised the present District Attorney, Mr. Ware, that he has no files either.
Mr. Wallace was tried in East Baton Rouge Parish on a change of venue. The Court record, if any, would be filed in that parish with any documents that were introduced into evidence.
Because of the length of time, because time delays for post-conviction relief have run, there is nothing further that can be furnished to Mr. Wallace. This matter must be put to rest.
On August 4, 1994, Wallace appealed from the judgment, assigning the following specifications of error:[2]
1. By a writ of Mandamus Hearing, the Court erred when ordering Appellant to file a judgment motion when Appellant’s writ of mandamus was clear and precise;
2. The court erred when rendering judgment, from its findings, articulated from a separate case of the appellant; and
3. The court erred in dismissing Appellant’s Motion to Compel Performance.

ACCESS TO PUBLIC RECORDS

The right of access to public records is fundamental. Article 12, § 3 of the Louisiana Constitution of 1974 provides that “[n]o person shall be denied the right to ... exam- *737 me public documents, except in cases established by law.” Generally, all records, writings, recordings, tapes, reproductions, and electrical data used, prepared for use, possessed, or retained by any instrumentality of state, parish, or municipal government are “public records,” except as otherwise provided specifically by law. LSA-R.S. 44:1 A(l) and (2); Cormier v. Public Records Request of Di Giulio, 553 So.2d 806, 806 (La.1989); Marler v. 22nd Judicial District Court, Parish of Washington, 93-2394 (La.App. 1st Cir. 1994); 645 So.2d 821, 822.
IsLSA-R.S. 44:3 A(l) specifically excludes from classification as public records those records “pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled.” However, post-conviction relief is not “criminal litigation” within the meaning of this exemption from disclosure. Lemmon v. Connick, 590 So.2d 574, 575 (La.1991). Thus, a criminal defendant cannot be denied access to his criminal files after his conviction becomes final.
LSA-R.S. 44:1 et seq. sets out the procedure to guarantee access to various public records and provides for enforcement of this right by writ of mandamus, injunctive, or declaratory relief. LSA-R.S. 44:35. Should the custodian refuse to allow access to the public records, the custodian must defend his action in a contradictory hearing. However, the enforcement provisions of LSA-R.S. 44:35 presuppose the existence of the records in the office of the custodian. Revere v. Taylor, 613 So.2d 738, 738 (La.App. 4th Cir.), writ denied, 615 So.2d 332 (La. 1993).
In the instant case, Wallace is seeking documents from Ware in the 20th Judicial District Court[3] in connection with a 1972 murder charge which resulted in Wallace’s conviction in the 19th Judicial District Court due to a change in venue. Wallace was notified that, after a search of the records in Ware’s custody, the requested documents could not be found. Further, Ware’s predecessor, Leon A. Picou, Jr., indicated that he had no such file in his possession. The trial court, nonetheless, issued a continuing order that the documents be produced, if found.[4]
Wallace argues that, in accordance with LSA-R.S. 44:35, the trial court should have conducted a hearing before “[taking] the word of either Mr. Picou or Mr. Ware.” We disagree. As stated in Revere v. Taylor, 613 So.2d at 739, “[u]nder these circumstances leit would have been a vain and useless waste of the trial court’s time to order a contradictory hearing for the custodian to show cause why he was refusing to produce records that he did not possess.” Accordingly, we find no error in the trial court’s denial of Wallace’s motion to compel performance through a contradictory hearing.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Wallace.
AFFIRMED.

. Although Wallace was charged in the 20th Judicial District Court, Parish of West Feliciana, he was tried and convicted in the 19 th Judicial District, Parish of East Baton Rouge, due to a change in venue.

. Although the opinion does not address each assignment of error separately, it adequately disposes of all issues raised.

. Wallace has been seeking the records from Ware, District Attorney of the 20th Judicial District Court, as "custodian of the official records of the District Attorney’s office of the Parish of West Feliciana.” However, we note that the clerk of court is the legal custodian of all court records. See LSA-C.C.P. art. 251.

. The trial court also noted, in its judgment, that the requested documents, if in existence, would be filed in the 19th Judicial District Court, where Wallace was tried and convicted.