934 So.2d 128 (2006)
Lawrence CHAPMAN
v.
DISTRICT ATTORNEY, East Baton Rouge Parish, et al.
No. 2005 CA 0577.
Court of Appeal of Louisiana, First Circuit.
March 29, 2006.
Lawrence Chapman, Angola, Plaintiff-Appellant In Proper Person.
Monisa Thompson, Assistant District Attorney, Baton Rouge, for Defendant-Appellee District Attorney, Parish of East Baton Rouge.
Before: PARRO, McDONALD, and HUGHES, JJ.
PARRO, J.
An inmate appeals from a judgment dismissing his application for a writ of mandamus in connection with a request for public records made to the district attorney. For the following reasons, we affirm.
Inmate Lawrence Chapman was serving a felony sentence, which according to the record had become final after his conviction and sentence were affirmed on December 28, 1998. State v. Chapman, 98-0289 (La.App. 1st Cir.12/28/98) (unpublished opinion). Chapman filed an application for a writ of mandamus on August 2, 2004, seeking the issuance of a writ of mandamus causing the district attorney (DA) to provide him with a cost estimate for a copy of the file in his criminal case pursuant to the authority of the Public Records Act, LSA-R.S. 44:1 et seq. Attached to his application for a writ of mandamus was a copy of a letter dated August 19, 2003, to the DA requesting a copy of the DA's file for use in an application for post conviction relief. He also *129 sought to have the DA ordered to provide him with the requested public records upon payment of the copying charges.
At the contradictory hearing on this matter, the district attorney provided Chapman with a copy of the only document left in his filea card with limited information concerning the bill number, charge, and other identifying information regarding the record. After taking this matter under advisement, the trial court found[1] that the post-conviction time limitations had clearly run on all claims, with the exception of newly discovered evidence, if any could be found. It observed that the DA's policy was to keep documents in his office file for three years following the finality of a conviction. In this case, the three-year period would have expired on or about December 28, 2001, just under two years prior to Chapman's first request for records. Considering the fact that there were no other records available for Chapman to obtain from the DA, the trial court dismissed Chapman's suit for a writ of mandamus. Chapman appealed.
At the time Chapman's conviction became final, no application for post-conviction relief, including applications which sought an out-of-time appeal, could be considered if it was filed more than three years after the judgment of conviction and sentence had become final under the provisions of LSA-C.Cr.P. art. 914 or 922, unless any of the following applied:
(1) The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney.
(2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.
(3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 1991.
(4) The person asserting the claim has been sentenced to death.
LSA-C.Cr.P. art. 930.8.[2] However, nothing in LSA-R.S. 44:31.1[3] of the Public Records Act prevents an inmate from seeking records related to his conviction simply because more than three years have passed since the conviction has become final. State ex rel. Kenneth Leonard v. State of Louisiana, 96-1889 (La.6/13/97), 695 So.2d 1325. Nonetheless, the legislature in 1997 La. Acts, No. 1269, § 1, effective July 15, 1997, enacted LSA-R.S. 44:36(E)(1) which provides:
The public records of a prosecuting agency, pertaining to a criminal prosecution that results in a conviction, in a manner other than a plea, shall be retained for a period of three years from the date on which a court of appeal affirms the conviction, the Louisiana Supreme Court denies writs, or the Louisiana Supreme Court makes its final ruling on the appeal, whichever occurs last.
The Public Records Act, LSA-R.S. 44:1 et seq., sets out a procedure to *130 guarantee access to various public records and provides for enforcement of this right by seeking the issuance of a writ of mandamus, injunctive relief, or declaratory relief, together with attorney fees, costs, and damages as provided by LSA-R.S. 44:35. See LSA-R.S. 44:35(A). Should the custodian refuse to allow access to the public records, the custodian must defend his action in a contradictory hearing. However, the enforcement provisions of LSA-R.S. 44:35 presuppose the existence of the records in the office of the custodian. Revere v. Taylor, 613 So.2d 738 (La.App. 4th Cir.), writ denied, 615 So.2d 332 (La.1993). In this case, the DA disposed of the records being sought at the conclusion of the three-year retention period provided for in LSA-R.S. 44:36(E)(1). Thus, the records being sought by Chapman were no longer in existence when the request for public records was allegedly made of the DA in 2003.[4]
Under the circumstances of this case, we find that it would be a vain and useless waste of the trial court's time to issue a writ of mandamus ordering the custodian to provide records or a cost estimate relative to records that he no longer possesses. See Wallace v. Ware, 94-2204 (La.App. 1st Cir.6/23/95), 657 So.2d 734, 737. Mandamus is clearly not appropriate in this case. Accordingly, we are unable to find error in the trial court's dismissal of Chapman's application for a writ of mandamus.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Lawrence Chapman.
AFFIRMED.
NOTES
[1] These findings appear in the commissioner's report that was adopted by the trial court as its reasons for judgment.
[2] This Article was subsequently amended by 1999 La. Acts, No. 1262, § 1, and 2004 La. Acts, No. 401, § 1.
[3] The provisions of LSA-R.S. 44:31.1 permit an inmate access to public records when the request is limited to grounds upon which the inmate may file for post-conviction relief.
[4] Notably, there is no evidence that Chapman made a request for public records to the DA during the statutorily mandated retention period.