# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# NO. 2021 CA 0578

## TERREBONNE PARISH CONSOLIDATED GOVERNMENT

## VERSUS

## DUVAL, FUNDERBURK, SUNDBERY, RICHARD & WATKINS, APLC AND STANWOOD R. DUVAL, ST. MARTIN & BOURQUE, LLC AND CHARLES C. BOURQUE, JOSEPH L. WAITZ, JR., DISTRICT ATTORNEY TERREBONNE PARISH, 32ND JDC

Judgment Rendered: **FEB 1 8 2022**

* * * * *

On Appeal from the
32nd Judicial District Court
Parish of Terrebonne, State of Louisiana
No. 188363

The Honorable Randall L. Bethancourt, Judge Presiding

* * * * *

Julius P. Hebert, Jr.
Brian J. Marceaux
Derick A. Bercegeay
Harley Papa
Houma, Louisiana
and
Patrick H. Yancey
Houma, Louisiana

Attorneys for Plaintiffs/Appellants,
Terrebonne Parish Consolidated
Government, Julius P. Hebert, Jr.,
and Patrick Yancey


Christopher H. Riviere
William N. Abel
Todd M. Magee
Riviere Abel
Thibodaux, Louisiana

Attorneys for Defendant/Appellee,
Joseph L. Waitz, Jr., in his official
capacity as District Attorney for
Terrebonne Parish


Danna E. Schwab
Patricia Reeves Floyd
Houma, Louisiana

Attorneys for Defendants/Appellees,
Duval, Funderburk, Sundbery,
Richard & Watkins, APLC,
Stanwood R. Duval, St. Martin &
Bourque, LLC, and Charles C. Bourque

Donald T. Carmouche
Victor L. Marcello
John H. Carmouche
William R. Coenen, III
Brian T. Carmouche
Todd J. Wimberley
Ross J. Donnes
D. Adele Owen
Leah C. Poole
Caroline H. Martin
Christopher D. Martin
Michael L. Heaton
Baton Rouge, Louisiana

Attorneys for Defendants/Appellees,
Talbot, Carmouche & Marcello, APLC,
John H. Carmouche, and
Victor L. Marcello

* * * * *

BEFORE:  LANIER, WOLFE, AND BURRIS,[1] JJ.

---

[1] The Honorable William J. Burris, retired, is serving *pro tempore* by special appointment of the Louisiana Supreme Court.

2

**WOLFE, J.**

Terrebonne Parish Consolidated Government (TPCG) appeals the trial court's judgment that sustained exceptions of no cause of action and dismissed its claims asserted under the Louisiana public records law. We affirm in part and reverse in part.

## FACTS

In January 2019, the Secretary for the Louisiana Department of Natural Resources (DNR), appointed Joseph L. Waitz, the District Attorney for Terrebonne Parish, as his special designee under Louisiana's State and Local Coastal Resources Management Act of 1978 (SLCRMA). SLCRMA, set forth in La. R.S. 49:214.21 *et seq.*, generally establishes a permitting program for the use of coastal resources within Louisiana's coastal zone and authorizes the imposition of civil liability and damages, including environmental restoration measures, for violations. See La. R.S. 49:214.30A(1); La. R.S. 49:214.36E; see also **Parish of Plaquemines v. Chevron USA, Incorporated**, 7 F.4th 362, 365-66 (5th Cir. 2021). The appointment letter explained that in 2016, Louisiana's Governor and Attorney General urged parishes with potentially significant SLCRMA claims to retain counsel and begin an evaluation of their damages to be used in the event of future settlement negotiations; however, the preliminary work done by Terrebonne Parish appeared to be inadequate. Thus, the DNR secretary determined it was appropriate to appoint Waitz his special designee for the limited purpose of investigating any historic SLCRMA violations by oil and gas exploration and production companies in Terrebonne Parish and evaluating resulting damages. Waitz was instructed to prepare a damage model and report his findings to the DNR secretary.

Waitz accepted the appointment and, pursuant thereto, entered a legal services contract with the law firms of Duval, Funderburk, Sundbery, Richard & Watkins, APLC, represented by Stanwood R. Duval, and St. Martin & Bourque, LLC,

3

represented by Charles C. Bourque. The firms were engaged to represent Waitz with regard to SLCRMA claims, including claims for land loss, environmental damage, restoration costs, and injunctive relief against oil, gas, and pipeline companies. The contracted legal services entailed an investigation to determine whether any persons or legal entities had violated SLCRMA as applied to uses or activities in the coastal zone of Terrebonne Parish. The law firms were directed to make recommendations to Waitz regarding the appropriate legal actions to be taken to pursue claims. The contract provided that one of its principal purposes was "to ensure that the parish of Terrebonne is protected to the fullest extent possible in the event that general, statewide or regional litigation or settlement discussions occur which may result in recovery or relief to which [Terrebonne Parish] may also be entitled." The contract set forth the parties' agreement that "all reasonable and appropriate efforts [would] be made to achieve a negotiated settlement of any and all disputes with regard to [SLCRMA claims]"; however, only Waitz would have the right to accept or reject any settlement offers. The contract authorized the law firms to engage the services of associate counsel under the same contractual terms.

TPCG, Terrebonne Parish's governing body, objected to Waitz's appointment under the SLCRMA provisions. According to TPCG, the DNR secretary lacked authority to appoint Waitz and the appointment unconstitutionally violated the separation of powers doctrine. TPCG further maintained that the resulting contract between Waitz and the Duval and St. Martin law firms violated the Louisiana Constitution by creating a monetary obligation for TPCG without following proper procedures. Thus, TPCG filed suit against DNR, the secretary of DNR, and Waitz, seeking declaratory and injunctive relief, including a declaration that the parish attorney for Terrebonne Parish has the authority to represent TPCG with regard to civil claims under SLCRMA. See **Terrebonne Parish Consolidated Government**

4

**v. Louisiana Department of Natural Resources**, 2021-0486 (La. App. 1st Cir. 12/30/21), ___ So.3d ___, ___ (2021 WL 6327370, *1-2).

After TPCG filed that suit, attorneys for TPCG submitted a public records request to Waitz, generally seeking documents relating to Waitz's appointment as the DNR secretary's special designee; any documents relating to the investigation of SLCRMA claims; expert reports or communications with experts pertaining to Waitz's assignment from DNR; correspondence, documents, and contracts pertaining to any legal representation on behalf of Terrebonne Parish or the state; agreements, letters, emails, or writings pertaining to Waitz's engagement of the Duval and St. Martin law firms; any agreements for legal representation with any other law firms; any agreements for legal representation in the lawsuit against DNR; and any correspondence with the Attorney General or legal opinions from any person related to Waitz's authority to represent DNR or Terrebonne Parish pursuant to his appointment. The attorneys representing TPCG also submitted public records requests to Duval and Bourque, the respective representatives of the Duval and St. Martin law firms, seeking documents relating to their investigation of SLCRMA claims; documents relating to the legal services contract with Waitz; any and all agreements, letters, and/or writings pertaining to any legal representation between them and the law firm Talbot, Carmouche, & Marcello, APLC (TCM); and documents relating to any legal representation by any other attorneys with respect to SLCRMA.

In response to the public records request, Waitz provided his appointment letter from the DNR secretary, his letter of acceptance, and the legal services contract he entered with the Duval and St. Martin law firms. Waitz advised that those were the only documents maintained by his office and that any and all other requested documents were in the possession of the Duval and/or St. Martin law firms. The attorneys with the Duval and St. Martin law firms each denied that they were a public

5

body or the custodian of records for Waitz; therefore, each claimed no obligation to provide any documents under the public records law.

Later in 2019, a news article reported that TCM negotiated a $100 million settlement agreement with the oil company Freeport-McMoRan in lawsuits filed by six coastal parishes against oil and gas companies accused of violating state law and damaging Louisiana's coast. According to the article, the agreement was subject to approval by TPCG and other coastal parish governments that were not parties to the lawsuits but were included in the agreement because they had hired lawyers to prepare damage models in case of settlement. The article reported that TCM expected the necessary approval, including TPCG's, by year's end. An attorney with TCM, John H. Carmouche, was quoted as saying "The only way that the settlement does not go through is if politicians kill it[.]"

Following the article's publication, TPCG's attorneys submitted public records requests to Waitz, Duval, Bourque, and a TCM attorney alleged to be its custodian of records, seeking production of any and all agreements with Freeport-McMoRan concerning settlement of any coastal zone lawsuits. Waitz responded that he was not in possession and was not aware of any public records that would be responsive to the request. Like Duval and Bourque, TCM's representative denied that TCM was subject to the public records law inasmuch as it was not a public body or custodian thereunder and further noted that the requested documents would undoubtedly be protected by the attorney work product or attorney-client privilege and exempt from production. Thereafter, TPCG's attorneys submitted additional public records requests to Waitz, Duval, and Bourque, seeking any records related to negotiations, settlements, or confidentiality agreements with Freeport-McMoRan that related to coastal issues for any parishes.

6

Unsatisfied with the responses to the public records requests, TPCG, through its president and attorneys (collectively "TPCG"),[2] instituted this suit to enforce its alleged rights under the public records law. TPCG named as defendants: Waitz; the Duval firm and Duval as its statutory custodian of records; the St. Martin firm and Bourque as its statutory custodian of records; and TCM and John H. Carmouche as its statutory custodian of records.[3] TPCG alleged that as the district attorney, Waitz is both a public official and an instrumentality of the state, which subjects him to the public records law. TPCG alleged that because of their status as special counsel to Waitz, the Duval and St. Martin firms were Waitz's agents and instrumentalities of DNR, making them subject to the public records law. TPCG averred that the six coastal parishes involved in the lawsuit against Freeport-McMoRan are public bodies whose settlement documents are public records and, as the contracted agent for those public bodies, TCM is a public body having custody or control of public records. Thus, TPCG contended, the defendants were obligated to produce the requested public records, which they arbitrarily withheld. TPCG sought a writ of mandamus, declaratory judgment, as well as injunctive relief. In response, each of the defendants filed multiple exceptions, including exceptions of no cause of action.

The trial court held a hearing on TPCG's request for writ and mandamus and the defendants' exceptions, then took the matters under advisement.[4] The trial court

---

[2]    After exceptions of no right of action were filed that challenged whether TPCG was the proper party plaintiff, the petition was amended to add as plaintiffs the attorneys who made the public records requests on TPCG's behalf. Our review is limited to the judgment before us that sustained exceptions of no cause of action. For simplicity, we refer to the plaintiffs herein as "TPCG"; however, in doing so, we make no comment on any issues regarding any objection to any plaintiff's right of action.

[3]    Victor L. Marcello, individually and in his capacity as vice president of TCM, was later added as a defendant.

[4]    In the suit TPCG filed against DNR challenging Waitz's appointment, the trial court also sustained exceptions of no cause of action and dismissed TPCG's action against the defendants. In a related appeal, another panel of this court found that TPCG set forth a cause of action for declaratory relief in that suit, reversed the trial court's judgment, and remanded the matter for further proceedings. See **Terrebonne Parish Consolidated Government**, ___ So.3d at ___ (2021 WL 6327370 at *4).

7

provided extensive reasons for sustaining the exceptions of no cause of action filed by the defendants. A final judgment sustaining the exceptions of no cause of action and dismissing all claims asserted in this suit was signed on March 27, 2021. TPCG now appeals.

## DISCUSSION

The exception of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged. **Hayes v. University Health Shreveport, LLC**, 2021-01601 (La. 1/7/22), ___ So.3d ___, ___ (2022 WL 71607, *3). In the context of the exception, a "cause of action" is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. **Carr v. Sanderson Farms, Inc.**, 2016-1064 (La. App. 1st Cir. 2/17/17), 215 So.3d 437, 440. No evidence may be introduced to support or controvert the exception. La. Code Civ. P. art. 931. The exception is triable solely on the face of the petition and any attached documents, with the well-pleaded allegations of fact accepted as true. See **Reynolds v. Bordelon**, 2014-2362 (La. 6/30/15), 172 So.3d 589, 594-95; **Carr**, 215 So.3d at 440. The burden of demonstrating that a petition fails to state a cause of action is on the mover. **Kunath v. Gafford**, 2020-01266 (La. 9/30/21), ___ So.3d ___, ___ n.6 (2021 WL 4472570, *4 n.6) The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legal entitled to the relief sought. **Hayes**, ___ So.3d at ___ (2022 WL 71607, *3).

Because the exception of no cause of action raises a question of law and the trial court's decision is based solely on the sufficiency of the petition, review of the trial court's ruling on the exception is *de novo*. **Scheffler v. Adams & Reese, LLP**, 2006-1774 (La. 2/22/07), 950 So.2d 641, 647. The pertinent inquiry is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief. **Scheffler**,

950 So.2d at 647. Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. **Kunath,** ___ So.3d at ___ n.6 (2021 WL 4472570, *4 n.6).

The right of access to public records is guaranteed by the Louisiana Constitution and the public records law. La. Const. art. XII, § 3; La. R.S. 44:1, *et seq.* Any person may obtain a copy of any public record, in accordance with the public records law, except as otherwise provided by that or other specific law. La. R.S. 44:31B. These constitutional and statutory rights of access to public records should be construed liberally, and any doubt must be resolved in favor of the public's right to see. **Shane v. Parish of Jefferson,** 2014-2225 (La. 12/8/15), 209 So.3d 726, 735.

Providing access to public records is a responsibility and duty of the appointive or elective office of a custodian and the custodian's employees. See La. R.S. 44:31A; **Parish of Ascension v. Wesley,** 2019-0364 (La. App. 1st Cir. 12/12/19), 291 So.3d 730, 735. A "custodian" is the public official or head of any public body having custody or control of a public record, or his specifically authorized representative. La. R.S. 44:1A(3). A "public body" includes:

> any branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, any other instrumentality of state, parish, or municipal government, including a public or quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function, or an affiliate of a housing authority.

La. R.S. 44:1A(1).

TCM, the Duval and St. Martin law firms, and the individual attorneys who are members of those firms and named as defendants, contend that TPCG fails to state a cause of action against them because they are private law firms or attorneys. They further contend that they are neither public bodies nor custodians of records.

9

TPCG does not dispute that these defendants are private law firms and attorneys. However, TPCG contends that whether a party is an "instrumentality of state, parish, or municipal government," and therefore a "public body" as defined by La. R.S. 44:1A(1), is determined by examining the connection between the particular governmental body and the potential instrumentality. In conducting this examination, TPCG contends the court must consider whether the potential instrumentality performs governmental functions for a governmental body and involves public funds. TPCG argues that under the facts of this case, the Duval and St. Martin firms, "and possibly TCM," are instrumentalities of Waitz, a public official undisputedly subject to the public records law; therefore, all of these attorney and law firm defendants should be considered public bodies and custodians of records. TPCG further argues that in performing services under the legal services contract with Waitz, the Duval and St. Martin firms are performing functions of DNR as well as TPCG, which further subjects them to the public records law.

The trial court rejected TPCG's arguments, explaining:

TPCG relies on a handful of cases, which are not applicable. TPCG repeatedly cites *Hatfield v. Bush, 572 So.2d 588, 591 [(La. App. 1st Cir. 1990)]*. *Hatfield v. Bush* dealt with a public records request to a District Attorney. It established that they could not extend a public records request to [a] District Attorney nor could they extend such a request to the private law firms and private attorneys who are not public officials. Similarly, *State ex rel. Guste v. NICHOLLS Coll. Found., 564 So.2d 682, 685 [(La. 1990),]* does not apply in this case at hand. That matter concerned a request for records regarding payments made by one non-profit educational corporation to another from public funds obtained from students at Nicholls State University. The court held that it could not determine on the record whether the Defendants were in fact a "Public body". However, the court found that the funds were public funds, and that the federation which paid the funds to the Defendant were a public body. Therefore, the State was entitled to inspect the books and records but were limited to those related to receipts and expenditure of public funds. As such, *Nicholls does not have a bearing on the case at hand.*

For similar reason, *New Orleans Bulldog Society v. La. Society for the Prevention of Cruelty to Animals, [2016-1809 (La. 5/3/17),] 222 So.3d 679, 681,* does not apply in this case as well. In that matter, the Court considered whether the Louisiana Society for the Prevention of Cruelty

10

to Animals, otherwise known as "LSPCA", was subject to the Public Records Law. As shown in that matter, one of the LSPCA's primary functions was to provide mandated animal control services to the City of New Orleans in accordance with a City Ordinance. The court found that the [LSPCA] "acts under color of City authority" through its investigation and enforcement of Chapter 18 infractions, issuance of citations, and appearance in court on related matters of animal control. *Id. at 685.* As such the LSPCA was considered a "quasi-public corporation designated as an entity to perform a governmental or proprietary function" under the Public Records Law.

Unlike in the case[s] cited by TPCG, [the Duval and St. Martin law firms] are private firms with no substantial ties or relationships to any public entity. They are not transformed into public bodies solely as a result of their legal representation of Mr. Waitz. They are not "instrumentalities" of the State of Louisiana. The legal [s]ervices [c]ontract, which is the only casual linkage between the private firms and Mr. Waitz, identifies Mr. Waitz as the "Client" and [the Duval and St. Martin law firms] as his "Attorneys." Neither [the Duval nor St. Martin law firm has] entered into any contracts with the State, nor are they acting as agents or instrumentalities of the State or performing any functions for the State.

We agree with the trial court's well-reasoned analysis. TPCG has not alleged facts to establish that the Duval and St. Martin law firms are anything other than private law firms hired to represent Waitz. TPCG's argument that their contractual association with Waitz (or DNR) subjects these private law firms and attorneys to the public records law is unfounded and lacks legal support. Notably, such a finding could have far-reaching ramifications, subjecting private law firms throughout the state to the public records law based on their representation of public entities or officials.

Based on our *de novo* review, we find that TPCG has failed to allege facts that state a cause of action under the public records law against the Duval and St. Martin law firms, or Duval and Bourque, the individual attorneys named as custodian of records for those firms.

TPCG's claims against TCM are even more attenuated than those against the Duval and St. Martin law firms, as they are based on the bare allegations that TCM represented other parishes in lawsuits against Freeport-McMoRan. When accepted

as true and viewed in the light most favorable to TPCG, none of the alleged facts support a finding that TCM, itself, is a public body or custodian of public records under the public records law. Thus, TPCG has also failed to state a cause of action against TCM or Carmouche, the individual attorney named as TCM's custodian of records.

Waitz, however, is the District Attorney for Terrebonne Parish and special designee of the DNR secretary.[5] In contrast to the private law firm and attorney defendants, Waitz does not dispute that he is subject to the public records law. Rather, Waitz maintains that he complied with TPCG's public records requests by providing all responsive, non-privileged, and non-confidential documents in his possession. Waitz asserts that TPCG fails to state a cause of action against him for production of the other requested documents because those records are "plainly exempted" from the public records law as privileged attorney client communications and attorney work product.[6]

Article 12, section 3 of the Louisiana Constitution mandates that "[n]o person shall be denied the right to ... examine public documents, except in cases established by law." The right of access to public records is fundamental; therefore, access may be denied only when the law specifically and unequivocally denies access. See La. R.S. 44:4.1; **Angelo Iafrate Construction, L.L.C. v. State ex rel. Department of Transportation & Development**, 2003-0892 (La. App. 1st Cir. 5/14/04), 879 So.2d

---

[5] As previously indicated, TPCG has challenged the appointment in a separate suit that has now been remanded to the trial court for further proceedings. See **Terrebonne Parish Consolidated Government**, ___ So.3d at ___ (2021 WL 6327370 at *4). Our analysis in this appeal is based solely on the record before us and specifically the facts alleged in the petition filed in this suit, which includes the fact that Waitz was appointed as special designee of the DNR secretary. Nothing in this opinion should be construed as an opinion with regard to the propriety of that designation.

[6] We note that in responding to TPCG's public records requests, Waitz did not state that the requested documents were exempt from the Public Records Law. In response to the original request, Waitz stated the unproduced documents were not in his possession and, in response to the request for agreements with Freeport-McMoRan, Waitz stated he did not possess and was not aware of any documents or public records that would be responsive to the request.

250, 254, <u>writ denied</u>, 2004-1442 (La. 9/24/04), 882 So.2d 1131. Public records requests must be analyzed liberally in favor of free and unrestricted access to the record. **Hilliard v. Litchfield**, 2001-1987 (La. App. 1st Cir. 6/21/02), 822 So.2d 743, 746. Exemptions to the public records law must be narrowly construed, with any doubt resolved in favor of the public's right of access. <u>See</u> **Landis v. Moreau**, 2000-1157 (La. 2/21/01), 779 So.2d 691, 694; **Angelo Iafrate Construction**, 879 So.2d at 257-58.

The enforcement provision of the public records law is set forth in La. R.S. 44:35, which pertinently provides:

> A. Any person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a record under the provisions of this Chapter ... may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney fees, costs and damages as provided for by this Section....
>
> B. In any suit filed under Subsection A above, the court has jurisdiction to enjoin the custodian from withholding records or to issue a writ of mandamus ordering the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter de novo and the burden is on the custodian to sustain his action. The court may view the documents in controversy in camera before reaching a decision....

<u>See</u> **Misita v. St. Tammany Parish Government**, 2018-1595 (La. App. 1st Cir. 9/11/19), 286 So.3d 440, 444, <u>writ denied</u>, 2019-01877 (La. 1/28/20), 291 So.3d 1060.

> In support of his argument, Waitz relies on La. R.S. 44:4.1C, which provides:

> The provisions of [the public records law] shall not apply to any writings, records, or other accounts that reflect the mental impressions, conclusions, opinions, or theories of an attorney or an expert, obtained or prepared in anticipation of litigation or in preparation for trial.

We reiterate that our review is limited to the facts alleged in the petition and attached documents. TPCG's public records requests, which were attached to its petition, requested a multitude of items, including documents broadly described as permits, non-permits, aerial photographs, damage assessments and models, written

13

agreements, contracts, writings, expert reports and communications, and attorney general opinions. Thus, the issue presented is whether, based on the terms used to identify the documents in the public records requests alone, it can be definitively determined that these documents, in their entirety, are exempt from the public records law under La. R.S. 44:4.1.C. We conclude that this determination cannot be made at this juncture, based solely on the allegations of the petition and attached documents.

As described in the public records requests, it appears likely that some of the requested documents are exempt from production under La. R.S. 44:4.1.C; however, it appears just as likely that some are not. For example, TPCG requested aerial photographs and the Louisiana Supreme Court "has held that the attorney work product exception to general discovery refers only to writings and does not include tangible things such as ... photographs." **Landis**, 779 So.2d at 697. Furthermore, the fact that a requested record may contain nonpublic material does not necessarily mean access to the *entire* record is restricted. **Times Picayune Pub. Corp. v. Board of Supervisors of Louisiana State University**, 2002-2551 (La. App. 1st Cir. 5/9/03), 845 So.2d 599, 605-06, writ denied, 2003-1589 (La. 9/5/03), 852 So.2d 1044. The custodian has a duty to segregate public records from other records and make the public record available for examination. See La. R.S. 44:33A(1); **Vandenweghe v. Parish of Jefferson**, 2011-52 (La. App. 5th Cir. 5/24/11), 70 So.3d 51, 58, writ denied, 2011-1333 (La. 9/30/11), 71 So.3d 289. Additionally, the privilege created by the work product doctrine is qualified, not absolute. **Landis**, 779 So.2d at 697.

As the party seeking to prevent disclosure, Waitz bears the burden of proving that the records are exempt from the provisions of the public records law. See La. R.S. 44:31B(3); La. R.S. 44:35B; **Kyle v. Perrilloux**, 2002-1816 (La. App. 1st Cir. 11/7/03), 868 So.2d 27, 30. Any exemption to the public records law is in derogation

14

of the public's right to be reasonably informed and must be narrowly interpreted. **Stevens v. St. Tammany Parish Government**, 2017-0959 (La. App. 1st Cir. 7/18/18), 264 So.3d 456, 461, <u>writ denied</u>, 2018-2062 (La. 2/18/19), 265 So.3d 773. "Whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right to see; to allow otherwise would be an improper and arbitrary restriction on the public's constitutional rights." **Shane**, 209 So.3d at 735. In light of these legal precepts, Waitz's argument that every requested document is plainly exempt from the public records law pursuant to La. R.S. 44:4.1.C fails.

Waitz further cites La. R.S. 44:4(15), which provides that the public records law does not apply "[t]o any pending claims or pending claim files in the custody or control of the office of risk management, division of administration, or similar records in the custody of any municipality or parish[.]" This argument appears to be raised for the first time on appeal. As a general rule, appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal. <u>See</u> Uniform Rules of Louisiana Courts of Appeal, Rule 1-3. Further, Waitz does not explain how the requested documents can be considered pending claims or files in the custody of the office of risk management or similar records in the custody of a municipality or parish. Thus, we do not consider the argument further.

After *de novo* review of the facts alleged in the petition and attached documents, when viewed in the light most favorable to TPCG and with every doubt resolved in TPCG's favor, we find that TPCG has stated a cause of action against Waitz under the public records law. Whether a plaintiff will prevail on the merits is not an appropriate consideration on an exception of no cause of action. **Bergen Brunswig Drug Company v. Poulin**, 93-1945 (La. App. 1st Cir. 6/24/94), 639 So.2d 453, 458. Thus, we remand this matter to the trial court for further

15

proceedings, including consideration of TPCG's argument that Waitz is the owner or is in control of the requested legal files in the possession of his attorneys, the Duval and St. Martin law firms. On remand, the trial court has the opportunity to hold a contradictory hearing,[7] the discretionary authority to conduct an *in camera* review of the documents, and the ability to determine whether the documents are exempt from disclosure. See La. R.S. 44:35B; **Landis**, 779 So.2d at 698; **Vandenweghe**, 70 So.3d at 59.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment insofar as it sustained exceptions of no cause of action and dismissed TPCG's claims against the defendants Duval, Funderburk, Sundbery, Richard & Watkins, APLC; Stanwood R. Duval; St. Martin & Bourque, LLC; Charles C. Bourque; Talbot, Carmouche & Marcello; John H. Carmouche; and Victor L. Marcello. We reverse the trial court's judgment insofar as it sustained the exception no cause of action and dismissed TPCG's claims against Joseph L. Waitz, Jr. Costs of this appeal in the amount of $4,316.35 are assessed to Joseph L. Waitz, Jr.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

---

[7] Since the trial court found TPCG failed to state a cause of action as to any of the defendants, we find no merit in TPCG's arguments on appeal that the trial court erred in failing to conduct a contradictory hearing before dismissing the claims. See **Chapman v. District Attorney**, 2005-0577 (La. App. 1st Cir. 3/29/06), 934 So.2d 128, 130; **Wallace v. Ware**, 94-2204 (La. App. 1st Cir. 6/23/95), 657 So.2d 734, 737. Moreover, we find the arguments moot since this matter is being remanded for further proceedings.

TERREBONNE PARISH
CONSOLIDATED GOVERNMENT

NUMBER 2021 CA 0578

VERSUS

COURT OF APPEAL

DUVAL, FUNDERBURK, SUNDBERY,
RICHARD & WATKINS, APLC AND
STANDWOOD R. DUVAL, ST. MARTIN &
BOURQUE, LLC AND CHARLES C.
BOURQUE, JOSEPH L. WAITZ, JR.,
DISTRICT ATTORNEY TERREBONNE
PARISH, 32ND JDC

FIRST CIRCUIT

STATE OF LOUISIANA

BEFORE: LANIER, WOLFE, AND BURRIS,[1] JJ.

LANIER, J., AGREES IN PART, DISSENTS IN PART, AND ASSIGNS
REASONS.

I agree with the majority as to the reversal of the trial court's judgment insofar
as it sustained the exception no cause of action and dismissed TPCG's claims against
Joseph L. Waitz, Jr., and as to the affirmance of the trial court's judgment insofar as
it sustained an exception of no cause of action and dismissed TPCG's claims against
the defendant Talbot, Carmouche & Marcello; and John H. Carmouche.

However, I respectfully disagree with the majority as to the affirmance of the
trial court's judgment insofar as it sustained exceptions of no cause of action and
dismissed TPCG's claims against the defendants Duval, Funderburk, Sundbery,
Richard & Watkins, APLC; Stanwood R. Duval; St. Martin & Bourque, LLC; and
Charles C. Bourque. I believe that they may qualify as custodians of public records
under the definition of La. R.S. 44:1A(3), which defines custodian as "the public
official or head of any public body having custody or control of a public record, or
a representative specifically authorized by him to respond to requests to inspect any
such public records." The majority recognized that Waitz is a special designee of
the DNR secretary. Therefore, any attorney representing Waitz could be considered
a custodian for purposes of La. R.S. 44:1A(3). Thus, I respectfully dissent in part.

---

[1] The Honorable William J. Burris, retired, is serving *pro tempore* by special appointment of the
Louisiana Supreme Court.

1